Martin Anderson
36696 Kimball Court
Sterling, AK 99672
Tel: 907-252-7800
EM: Martyusak@me.com

*Plaintiff in Propria Persona*



# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

## ANCHORAGE DIVISION

| | |
|---|---|
| MARTIN ANDERSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF SOLDOTNA, a municipal corporation; and DAVID BOWER, an individual,<br><br>Defendants. | Case No. 23-_____ |

## COMPLAINT UNDER 42 USC §1983

### JURY DEMAND

### I. PRELIMINARY STATEMENT

1.  This is a civil rights action in which Plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, under the First Amendment and Fourth Amendment through the Fourteenth Amendment to the United States

*Complaint, Anderson v. City of Soldotna page 1*

Constitution.

2. The claims arise from a May 25, 2021 execution of a search warrant incident by officers of the Soldotna Police Department ("SPD"), acting under color of state law, intentionally and willfully entered Plaintiff's place of business without permission but with a warrant procured through intentionally or recklessly false information and omission of truthful information. Plaintiff seeks monetary damages (special, compensatory) against all Defendants, punitive damages as against Defendant Bower, an award of costs and attorneys' fees against all Defendants, and such other and further relief as the Court deems just and proper.

## II. JURISDICTION AND VENUE

3. This Court has original jurisdiction of the claims herein under 28 U.S.C. § 1331 (claims arising under the United States Constitution) and § 1343(a)(3) (claims to address deprivations, under color of state authority, of rights, privileges and immunities of the United States Constitution).

4. Venue is proper in the District of Alaska because Defendants are located in the District of Alaska because the events giving rise to this cause of action occurred within the District of Alaska. Accordingly, venue is appropriate in this district under 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff Martin Anderson ("Anderson") is a citizen of the United States and at all times relevant herein resided in the City of Sterling, and State of Alaska.

6. Defendant City of Soldotna is a municipal corporation organized under the laws of Alaska. At all times relevant hereto, the City of Soldotna, acting through the Soldotna Police Department (or "SPD") was responsible for the policy, practice, supervision,

implementation and conduct of all SPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all SPD personnel. In addition, at all times here relevant, the City of Soldotna was responsible for enforcing the rules of the SPD, and for ensuring that the SPD personnel obey the laws of the United States and the State of Alaska.

7. Defendant David Bower ("Bower") was, at all times here relevant, a police officer of the SPD, and was acting in the capacity of an agent, servant and employee of the City of Soldotna, and under color of state law, and had authority over other SPD officers to implement SPD policies and customs.

8. For purposes of his federal law claims, Plaintiff sues Defendant Bower in his individual capacity.

## IV. GENERAL ALLEGATIONS

9. At all relevant times herein, Plaintiff lived in Sterling Alaska and worked in Soldotna, Alaska.

10. His home dwelling is occupied by his family, and he conducts some business from a home office located therein. His place of business was located in Soldotna, Alaska.

A. **The Civil Dispute with Trident:**

11. Plaintiff and Trident Engineering and Inspection ("Trident") had a civil dispute arising out of a contract in which Trident bought a business from Southern Services Inc (SSI) in 2021, the same business the plaintiff sold to SSI in 2019. The search warrants at issue were executed on May 25, 2021, based almost exclusively on Trident's complaints to the SPD. The warrants were obtained after Plaintiff had filed a safety complaint against Trident with the Department of Labor Occupational Safety and Health Administration (OSHA) and a federal IC3 complaint to the USDOJ.

12. On information and belief, at the time Trident was seeking the search warrants and before they were issued, it had retained counsel to file a business infringement lawsuit against Plaintiff. Three days after the search warrant was executed based on Trident's complaint to the Soldotna Police Department, the company sued Mr. Anderson in Alaska Superior Court at Kenai on May 28, 2021. The lawsuit alleged Mr. Anderson's violations of the Alaska Unfair Trade Practices Act, Unjust Enrichment, Tortious Interference with Contracts, and Intentional Interference with Prospective Economic Advantage. Similarly, Plaintiff had also sought to retain counsel for the business litigation before the search warrants were issued.

13. On June 8, 2021, he sued Trident in U.S. District Court in Maine alleging the company violated his rights under Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g), in gaining unauthorized access to his computer media and online accounts.

14. The two cases filed against each other were settled in December 2021 along with the state court case by mutual global releases. The settlement provided:

> 1.3.1 Contemporaneously with execution of this Agreement or earlier, Trident will send a letter to the Soldotna Police and the Kenai District Attorney's Office stating that the Parties have fully resolved the matters concerning Anderson in connection with the civil settlement in the Alaska Lawsuit and the Maine Lawsuit.

15. The short history of the civil dispute is not complicated. Plaintiff had been the principal executive officer of an entity named Alaska Technical Training, Inc. ("ATTI"), which was based in Soldotna, Alaska. On March 13, 2019, he sold ATTI's assets (but not its stock) to Southern Services, Inc. ("SSI"). In addition to the right to receive periodic monetary payments from SSI (paid to ATTI), he secured an employment contract with SSI.

16. In or about March of 2021, Trident purchased "SSI's Alaska Office." Prior to closing the sale, during a visit to the Alaska office in January of 2021, Trident personnel represented to Mr. Anderson that Trident would assume employment obligations SSI owed to him (though he stated that his contract with SSI was not assignable).

17. During that visit, he provided Trident personnel access to his computer (an SSI asset) so that Trident could install software that would enable him to have a Trident email.

18. On March 23, 2021, Trident notified him that he was terminated before he was hired, he was later paid for 6 days of work as a contractor (1099). A few days

*Complaint, Anderson v. City of Soldotna page 5*

Case 3:23-cv-00119-SLG   Document 1   Filed 05/23/23   Page 5 of 16

later, he appeared at the Alaska office to turn over the laptop he used while employed by SSI. The cause for the termination is disputed, but one plausible inference is that it may relate to Mr. Anderson's observation that his noncompete agreement with SSI would terminate upon Trident's purchase of SSI's Alaska office.

## B. The Search Warrants:

19. Two search warrants were issued, Search Warrants 3KN-21-00076SW and 3KN-21-00077SW by Judge Martin Fallon on May 19, 2021. *A third search warrant was issued on June 1, 2021, to search the computer once Anderson delivered the computer to SPD.*

20. The sole affiant for the warrants was Soldotna Police Officer David Bower. His affidavit stated the following.

21. On April 26, 2021, at 1330 hrs., Trident Engineering and Inspection vice president Russell Pack, stopped by the department to report an intellectual theft by former employee, Martin Anderson, to officer Swangel. Pack reported Anderson took a company own computer to Computer Renaissance located in Soldotna, and had company information transferred to his personal computer before returning the company computer that had been wiped clean.

22. On April 27, 2021, officer Bower took over the investigation and contacted staff at Computer Renaissance. Officer Bower was provided the work order and notes for Martin Anderson which was initiated on September 5, 2021 at 12:37 hours. Computer Renaissance transferred the hard drive from a Dell latitude E5470

onto and Orrico external hard drive. On March 22, 2021, Anderson brought in a silver Dell Latitude E5440 and requested a clone copy be put on the E5440 and requested the process to be expedited. Anderson later picked up both laptops and external hard drive.

23. On April 28, 2021, at 1103 hrs., officer Bower contacted Russell Pack and requested an estimate of the value of the lost data and to provide computer logs from their IT department.

24. On April 30, 2021, at 12:04 hrs., Trident Engineering and inspection president James Hall contacted officer Bower and provided him with a Final Purchase and Sale Agreement, which was documentation that showed Trident Engineering and Inspection had purchased the company from Southern Services, Inc. on January 22, 2021, for $280,000 which included the following:

A. All equipment and other tangible assets;

B. All client lists and associated client data of the business;

C. Lease of office space in Soldotna, Alaska from the date of execution of purchase;

D. Trade names used in connection with the business, including "Alaska Technical Training" and "Alaska Technical"; and

E. The Goodwill of the business.

25. On May 3, 2021, James Hall contacted officer Bower and advised Anderson had set up an office for a computer competitor in the area, Precision NDT.

26. On May 4, 2021, James Hall provided officer Bower documentation from the business IT department which used Trident software to link the business

laptops to the company server. This software communicates with the server every time it is connected to the internet. The log showed the company laptop Dell Latitude E5470 serial number F5XPGC2, last connected to their server on March 26, 2021, at 0814 hours. Anderson turned in the company computer on March 25, 2021, which had a new Windows 10 installed on it and did not have any company files.

27. The logs further showed that after the computer was turned in on March 29, 2021 at 11:11 hrs., a new computer connected to their server, a Dell Latitude number 5440 serial number 7JB5L32. This was made possible due to the cloned drive transferring the Trident software to the new computer.

28. On May 6, 2021, James Hall provided officer Bower with a list detailing the data that was taken and the reported value which totals $31,290. Officer Bower researched Precision NDT and learned it was established in Alaska on April 27, 2021 with an address of 47801 Funny River Rd., Soldotna, AK. Ed Martin Anderson was listed as the agent.

C. **Rebuttal to the Search Warrants by Computer Renaissance:**

29. Judge Martin Fallon on May 19, 2021 presumptively relied upon Officer Bower's sworn statements as to the information provided to him by Computer Renaissance. Without those statements, the affidavit would have depicted little more than a civil business dispute in which the Trident complainant had obvious biases. However, Computer Renaissance had not made those statements and had explained the normal business nature of the transactions which Bower misleadingly reported as

suspicious criminal activity. Computer Renaissance owner Andrew C. Walker will testify to the following:

30. This statement is a clarification of my letter from June 8th, 2021, concerning the content of the search warrant (3KN-21-77) initiated by Soldotna Police Officer David Bower (signed by Judge Martin Fallon) and his interaction with Computer Renaissance.

31. SPD officer Bower visited Computer Renaissance (CR) on or about April 27, 2021, and interacted with CR staff. Bower asked specific questions concerning Mr. Martin T. Anderson and the open work order in process, number 25006. Bower requested a copy of the relevant work order and was provided with a copy.

32. Bower was then informed by CR the current work order was typical of the work that had been performed on the two subject laptops for several years and was offered documentation to substantiate; Bower refused the evidence.

33. Neither I nor anyone who worked in this shop ever told any member of the Soldotna Police Department (SPD) the following allegations Office Bower made in his search warrant:

> 1. We did not tell the SPD the relevant work order 25006 was initiated on 9-05-21.
>
> 2. We did not tell SPD Anderson brought his personal computer CR in on 3-22-21, it has been in our shop since 9-05-20.
>
> 3. We did not tell SPD we copied the contents of the Southern Services Inc. (SSI) computer Dell Latitude E5470 to an Orico external hard drive.

*Complaint, Anderson v. City of Soldotna page 9*

4. We did not provide any external hard drive to Marty Anderson and no SPD officer told by us that we did.

5. We did not inform the SPD that a computer (ES440) was involved in work order 25006, nor was it on the work order provided to Bower.

6. We did not tell the SPD that Marty Anderson made any request for us to expedite a clone on an external hard drive. Nor were we provided any external hard drive to clone.

7. We never told any SPD officer that we cloned a company computer and then wiped it clean. Nor did we wipe any computer provided to us by Marty.

8. Throughout the 15+ years I have been doing repairs for Marty Anderson it has been assumed that when we have both of his laptops in the shop for service it will be expedited. This is because he needs at least one functional computer back ASAP.

34. Officer Bower details on the relevant search warrant that he has specialized training in forensic analysis of digital media including computer hard drives and cellular phones. Our communication was clear and concise as were the relevant documents. It is difficult to understand Officer Bower's statements concerning Computer Renaissance in the affidavit 3KN-21-77.

## V. POLICY OR CUSTOM ALLEGATIONS

35. Defendants City of Soldotna, via the Soldotna Police Department and Officer David Bower maintain an unofficial custom whereby their police officers are permitted to conduct criminal investigations into matters that are civil disputes, and to have SPD take sides in said civil disputes. Officer Bower pursuant to this official policy and practice was authorized to obtain a search warrant through an affidavit which set out only a description of a civil dispute between businessmen under a specific business

contract. Pursuant to said policy and practice, the search warrants were executed at Plaintiff's office without probable cause to believe that a crime had been committed. This official SPD policy directly caused the clear violation of US Constitution Amendment I and IV and the clear guidance of U.S. Supreme Court and Ninth Circuit law.

36. Defendant City of Soldotna, via the Soldotna Police Department and its failure to investigate and discipline employees and/or deliberate indifference to constitutional search and seizure violations has resulted in their personnel's use, both repeated and with impunity-- of illegal and unconstitutional trespass into innocent people's places of business, in clear absence of exigent circumstances, for the purpose of conducting warrant searches lacking probable cause.

37. Defendant City of Soldotna is deliberately indifferent to the actions of its personnel, in particular those of Bower.

38. The above-mentioned policies, customs or practices are the proximate cause of

Plaintiff's injuries.

## VI. DAMAGES

39. Due to the conduct of Defendants, Plaintiff has suffered the following injuries and damages:

   a. Being wrongfully intruded upon in his office, papers and effects in front of his family and employee(s).

   b. Loss of work due to his computer equipment having been seized;

*Complaint, Anderson v. City of Soldotna page 11*

c. Emotional distress for the period from the search to the present, including, but not limited to: the emotional distress of being unlawfully intruded upon, fear of being charged with a felony and facing prison time for a crime that did not exist, and realizing that the police were utterly indifferent to his innocence;

d. Physical manifestations of emotional distress including, but not limited to, sleeplessness, irritability, loss of appetite, headaches, and other symptoms;

e. Fright, shock, indignity, humiliation and embarrassment of being wrongfully searched; and

f. Other damages that may be revealed through discovery.

40. The acts and omissions of the Defendant Bower were outrageous under the law, and undertaken with malice or a clear reckless indifference to the rights of others. Punitive damages should be awarded to punish him and to deter similar reckless or malicious behavior by other police officers.

## VII. FIRST CLAIM FOR RELIEF

**42 USC § 1983, U.S. Constitution, Amt. IV- Illegal Search and Seizure**
(Against Defendant David Bower in his Personal Capacity)

41. The preceding paragraphs are here incorporated by reference.

42. The rights of persons to be free of unreasonable searches and seizures under the Fourth Amendment to the United States Constitution is well established and applicable to the states through the due process clause of the Fourteenth Amendment.

43. That police officers may not conduct searches and seizures without probable cause inside a person's home and business is well established.

44. Any reasonable officer would know that procuring a search warrant in a non-criminal civil dispute is illegal and violates the rights accorded under the U.S. Constitution.

45. Defendants, under color of State law, entered Plaintiff's business without permission, with a warrant issued without probable cause, and in the absence of exigent circumstances, to seize his computer devices.

46. Other officers of SPD were present at the time of the search and seizure, but failed to intervene in each other's obviously illegal actions.

47. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC § 1983.

48. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## VIII. SECOND CLAIM FOR RELIEF

**42 USC § 1983, U.S. Constitution, Amt. I- Retaliatory Search** (Against Defendant Bower in His Personal Capacity)

49. The preceding paragraphs are here incorporated by reference.

50. The rights of persons to be free from infringement of their rights to freedom of speech is secured by the First Amendment of the Fourth Amendment to the United States Constitution and is well established. No governmental entity or person acting under color of law may abuse governmental power as a means of chilling speech right or retaliating for their usage.

*Complaint, Anderson v. City of Soldotna page 13*

Case 3:23-cv-00119-SLG   Document 1   Filed 05/23/23   Page 13 of 16

51. Any reasonable officer would know that it is unconstitutional to use the search warrant process motivated in whole or in part to chill Plaintiff from pursuing a Department of Labor Occupational Health and Safety (OSHA) complaint and IC3 Complaint against Trident and/or from using the courts to seek civil redress.

52. Defendants, under color of State law, obtained and executed the search warrants to chill Plaintiff from pursuing his OSHA and IC3 complaint and/or court actions.

53. Plaintiff has been damaged as a result of Defendants' wrongful acts.

## IX. THIRD CLAIM FOR RELIEF

### 42 USC § 1983, U.S. Constitution—Municipal Liability
(Against Defendant City of Soldotna)

54. The above paragraphs are here incorporated by reference.

55. Under the Fourteenth Amendment, local government entities can be liable for the conduct of their police department if that conduct is a part of an officially promulgated policy, or is a custom or practice that is not formally, and/or when the municipality or police department fails to train officers or employees in the proper conduct.

56. Defendant City of Soldotna, by and through its policy-makers, has knowingly created policies, practices and customs, including a failure to provide adequate training to its police officers, including the individual Defendant Bower, regarding the police department's constitutional obligation to not intervene in civil disputes and to obtain search warrants only with probable cause, and to refrain from

*Complaint, Anderson v. City of Soldotna page 14*

entering an individual's home or place of business for the purpose of search and seizure, without probable cause, consent of the resident, or exigent circumstances; all of which demonstrate "deliberate indifference" to the constitutional rights of its citizens.

57. Defendant City of Soldotna's deliberate indifference and these policies caused the officers in the present case to violate Plaintiff's civil rights, without fear of reprisal.

58. Defendant City of Soldotna is liable for the damages suffered by Plaintiff as a result of the conduct of its policy or custom under which unconstitutional practices occurred.

59. The Fourth Amendment violations described above are not isolated incidents in Soldotna. The City of Soldotna has exhibited deliberate indifference to SPD's use of searches without probable cause, and that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case and in others.

60. Plaintiff has been damaged as a result of the deliberate indifference of the City of Soldotna.

61. Defendant City of Soldotna is further liable for any other acts of constitutional violations that may be uncovered in the discovery process.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks judgment against the defendants, as follows:

A. Economic damages in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Non-economic general and mental distress damages in an amount to be determined by the jury;

C. Punitive damages in an amount to be determined by a jury;

D. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

E. Granting such other and further relief as this Court deems just and proper.

Dated May 24, 2023

Respectfully submitted,

_____
Martin Anderson
Pro Se
Plaintiff

Prepared by:

Thad M. Guyer (Oregon State Bar No. 821443)
Government Accountability Project, Inc.
T.M. Guyer and Ayers & Friends, PC
116 Mistletoe Street
Medford, OR 97501

(202) 417-3910
EM thad@guyerayers.com

This complaint was prepared by counsel to toll the running of the statute of limitations on May 25, 2023. Counsel's intent is to enter an appearance *pro hac vice* upon the entry of appearance of local counsel admitted to this Court.

*Complaint, Anderson v. City of Soldotna page 16*