JIM C. WILKSON, ESQ.
KENDRA E. BOWMAN, ESQ.
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, Alaska 99501
Phone: (907) 274-5100  Fax: (907) 274-5111
Email: jwilkson@farleygraves.com; kbowman@farleygraves.com

Attorneys for Defendants, The City of
Soldotna and David Bower

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MARTIN ANDERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SOLDOTNA, a municipal corporation; and DAVID BOWER, an individual,<br><br>Defendants. | Case No. 3:23-cv-000119 KFR |

### MOTION AND MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, The City of Soldotna (the "City) and David Bower ("Officer Bower"), hereby move for summary judgment on the claims alleged in Plaintiff's Complaint pursuant to Fed. R. Civ. P. 56.  Plaintiff's Complaint raises claims under 42 U.S.C. § 1983 against Officer Bower for alleged violations of Plaintiff's constitutional rights under the First and Fourth Amendment of the U.S. Constitution, and Municipal Liability against the City. Defendants move for complete summary judgment on all claims. Summary

Anderson v. City of Soldotna    Case 3:23-cv-00119-KFR    Document 34    Filed 05/06/25    Page 1 of 55

judgment should be granted in its entirely in favor of Defendants for the reasons set forth herein.

## FACTUAL BACKGROUND

### A.     Felony Theft Complaint Initiated Against Plaintiff.

On April 26, 2021, Russell Pack, Vice President of Trident Engineering and Inspection, Inc. ("Trident"), a private corporation licensed to do business in Alaska,[1] filed a complaint for felony theft of intellectual property against Plaintiff Martin Anderson with the Soldotna Police Department ("SPD").[2] Trident accused Plaintiff of misappropriating company property belonging to Trident, including training and marketing materials, intellectual property, and company goodwill, after Plaintiff separated from employment with Trident.[3] Trident alleged Plaintiff a company owned computer cloned and proprietary information put onto his personal computer by Computer Renaissance in Soldotna, AK, before wiping the company computer clean and returning it to Trident. Trident reported Plaintiff then went to work for their competitor Blackhawk Engineering and Precision NDT, performing the same work, with the benefit of the training materials, its client list, and business goodwill Plaintiff had recently purchased.[4]

---

[1] **Ex. A**, AK Corporate Business License for Trident Engineering & Inspection, Inc.
[2] **Ex. B**, SPD Incident Report.
[3] *Id.*
[4] *Id.*

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 2 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100 FAX (907) 274-5111

Vice President of Trident Russel Pack reported Plaintiff's theft at a meeting with Officer Justin Swangel on April 26, 2021.[5] Officer Bower was then assigned to investigate the theft complaint on April 27, 2021.[6] Officer Swangel left for vacation, and Officer Bower, who had knowledge and training in computer forensics, was assigned.[7] Officer Bower contacted Computer Renaissance and was provided a work order and work notes for Plaintiff that was initiated on September 5, 2020.[8] Officer Bower was able to confirm Plaintiff's laptop serviced by Computer Renaissance was a Dell Latitude E5440.[9]

On January 21, 2021, Trident entered into a Purchase and Sale Agreement (PAS) with Southern Services, Inc. (SSI), a business providing on-site inspections, nondestructive testing methods, as well as continuing education, training, and consulting, in Soldotna, AK, known as Alaska Technical Training.[10] Trident purchased certain assets of SSI, including its equipment, client lists, lease space, trade names used in connection with SSI (including "Alaska Technical Training" and "Alaska Technical") and its business goodwill, for $280,000.[11] SSI had previously been owned by Plaintiff, who was

---

[5] **Ex. C**, J. Swangel email to T. Brennan "Theft Case #SO21000745-Trident Engineering & Inspection," 4/26/21.
[6] **Ex. D**, T. Brennan email to D. Bower "SO21000745," 4/27/21.
[7] **Ex. E**, Bower/City Responses to Discovery Requests (Verified) at ROG No. 2.
[8] **Ex. B**, SPD Incident Report; **Ex. F**, Computer Renaissance work order and notes; **Ex. G**, Declaration of Stace Escott. (Officer Bower wrote 9/5/21 instead of 9/5/20 in error).
[9] *Id.*
[10] *Id.*; **Ex. H**, J. Hall email to D. Bower "Theft of Property Complaint Information," 4/30/21 (with attachments).
[11] *Id.*

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 3 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100    FAX (907) 274-5111

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100 · FAX (907) 274-5111

employed by SSI at the time Trident purchased SSI.[12] As part of the purchase, Plaintiff's employment agreement with SSI passed to Trident on the date of Closing (2/12/21).[13]

On April 28, 2021, Trident's Vice President spoke with Officer Bower and informed him that Trident would provide a written statement, logs, a copy of the receipt for Plaintiff's computer services at Computer Renaissance, and an estimate of loss.[14] On April 30, 2021, President of Trident, James Hall contacted Officer Bower and provided additional documentation in support of the report of theft, including an executed PSA confirming the reported purchase agreement and price of SSI. The President informed Officer Bower that Plaintiff returned the company laptop wiped clean, and there was missing data including project files, client lists, along with Alaska Technical Training course materials and exams that Trident had purchased from SSI. He also told Officer Bower Plaintiff contacted all of their clients, many of their employees, and used such words as "fraud" in emails to these people.[15] He reported Plaintiff had set up an office for a competitor in the area, Precision NDT, and had established a training school called "Alaska Technical & Training Services," which Officer Bower was able to verify.[16]

Trident's President also provided Officer Bower with documentation from Trident's I.T. consultant, Dave Wilson at PC & Network Consulting, explaining how the

---

[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*; **Ex. I**, Alaska Technical and Training Services.

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT    Page 4 of 55                    /KB
ANDERSON V. CITY OF SOLDOTNA ET AL                                                A.33387
CASE NO. 3:23-cv-000119 KFR

Anderson v. City of Soldotna et al · Case 3:23-cv-00119-KFR    Document 34    Filed 05/06/25    Page 4 of 55

company laptop used by Plaintiff during his employment, a Dell Latitude E5470 serial # F5XPGC2 ("E5470") had been cloned and the hard drive transferred onto a second laptop, a Dell Latitude E5440 serial # 7JBSL32 ("E5440").[17] Per the I.T. consultant, in February 2021, the company owned laptop used by Plaintiff, Dell E5470, had remote support software (Simple Help) installed.[18] The software is a Windows installed program that enabled remote access to Trident's server when connected to the Internet.[19] When Plaintiff logged onto the server the software recorded certain information including the time and date of the login, Hostname, IP address, operating system, and it identified the computer details by make, model, and serial number (hardware details).[20]

From the documentation provided to Officer Bower, when Plaintiff logged onto Trident's server on March 24, 2021, it showed Hostname "DESKTOP-UB3PDC1," IP address: 63.140.112, Windows 10 operating system, and Dell Latitude E5470 serial # F5XPGC2 as the computer.[21] Despite Plaintiff returning the Dell E5470 to Trident, the documentation provided showed access to Trident's server on March 29, 2021, by "Martin Anderson" from the same Hostname ("DESKTOP-UB3PDC1") and same IP address (63.140.112) but using Dell Latitude E5440 serial #7JB5L32.[22] Plaintiff was able

---

[17] *Id.* at **Ex. H**, J. Hall email to D. Bower "Theft of Property Complaint Information," 4/30/21 (with attachments) at 1 and 20-21.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* at 21.
[22] *Id.*

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 5 of 55

/KB
A.33387

to access Trident's server on March 29th because the hard drive of the E5470 had been cloned onto the Dell Latitude E5440, with the I.T. consultant noting when the E5470 was returned it was not connected to the system because it had a fresh Windows install.[23] Trident's President also provided a receipt from Computer Renaissance, which he said they emailed to him because it was for services to the company's laptop.[24] He stated Computer Renaissance said to ignore the invoice because Plaintiff had paid for it himself.[25]

On May 4, 2021, Trident President forwarded information to Officer Bower from Trident's I.T. consultant further explaining the cloned hard drive transfer by Plaintiff.[26] He confirmed Plaintiff used Trident's Dell E5470, which had the Trident software downloaded, a hostname of DESKTOP-US3PDC1, and no reported issues.[27] When Plaintiff returned Dell E5470, the hostname changed to DESKTOP-IG12302, which Windows randomly generates when the software is installed. The I.T. consultant attached documentation showing that the cloned laptop, E5440 logged into the server under the original hostname, after E5470's hostname had been changed an after E5470 had been returned.[28]

---

[23] *Id.* at 20.
[24] *Id.* at 1 and 22.
[25] *Id.*
[26] **Ex. J**, J. Hall email to D. Bower "Fw: Statement about Martin's Laptops," 5/4/21 (with attachments).
[27] *Id.*
[28] *Id.*

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 6 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100  FAX (907) 274-5111

On May 6, 2021, Trident's President provided information on the data taken by Plaintiff, including training materials and a loss value of $31,290.[29] He noted Plaintiff returned "the laptop on March 25th with all of the data erased.[30] Included were three photos of the Dell E5740, which showed a sticker from Computer Renaissance on the top, the make, model, and serial number of Trident's computer.[31] As alleged, the reported theft constituted felony theft.[32] Trident's President explained that Plaintiff kept all of the proprietary project files and documents Trident had purchased from SSI on his laptop, instead of on the server.[33] He informed Officer Bower that Plaintiff was the regional manager. He stated Plaintiff kept the training programs on an external hard drive, which was not return to Trident.[34] Officer Bower contacted Computer Renaissance and confirmed Plaintiff owned the Dell E5440, and ordered the work order and notes.[35]

Officer Bower researched Precision NDT LLC, and learned the company was established in Alaska on April 27, 2021, and the only listed agent being Plaintiff, business address of 47801 Funny River Road.[36] On May 13, 2021, Officer Bower requested information about Plaintiff's employment with Trident and SSI, and asked for any logs

---

[29] *Id.*; **Ex. K**, J. Hall email to D. Bower "Theft of Property Complaint Information – Updated Information," 5/6/21 (with attachments).
[30] *Id.* at 1.
[31] *Id.* at
[32] AS 11.46.120.
[33] *Id.*
[34] *Id.*
[35] **Ex. B**, SPD Incident Report; **Ex. G**, Declaration of Stace Escott.
[36] *Id.*

showing connection times that the cloned drive (E5440) connected with Trident's server.[37] Trident provided a copy of the employment offer signed and accepted by Plaintiff.[38] Trident also provided connection logs for all of the times the cloned hard drive (E5440) connected to Trident's server on or after March 26, 2021, confirming the logins were from the company computer's prior hostname (DESKTOP-UB3PDC1) and the same IP address.[39]

**B.    Search Warrant Application and Judicial Findings of Probable Cause.**

On May 18, 2021, Officer Bower submitted applications for two search warrants, which are on preprinted forms.[40]   Under 3KN-21-76SW it states, "Being duly sworn, I state I have reason to believe that: on the person of Martin T. Anderson on the premises know as 36696 Kimball Court, Sterling AK …there is now being concealed property, namely: Dell Latitude E5440 serial #7JB5L32 and a black Orico external hard drive."[41] Under 3KN-21-77SW, the affidavit the same except for the search location, seeking to search "… on the premises know as Precision NDT 47801 Funny River Road at Soldotna,

---

[37] **Ex. L**, Emails between D. Bower and R. Pack dated 5/13/21 (with attachments).
[38] *Id.* at 2-4.
[39] *Id.* at 12-14 (E5470) and15-36 (E5440).
[40] **Ex. M**, Search Warrant No. 3KN-21-76SW at 5-8; **Ex. N**, Search Warrant No. 3KN-21-77SW at 5-8.
[41] *Id.* at **Ex. M**, Search Warrant No. 3KN-21-76SW at 5; **Ex. G**, Declaration of Stace Escott.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

Alaska... ."[42] The two search warrant affidavits are otherwise identical.[43] Officer Bower's affidavits state the computer and hard drive is evidence of the particular crime of Theft I under AS 11.46.100(a), and tends to show that Martin Anderson committed the particular crime of Theft I, AS 11.46.10(a), and is stolen or embezzled property.[44]

Under "Preliminary Matters" Officer Bower confirmed he was currently a police officer with SPD assigned to patrol.[45] He affirmed part of his duties were to investigate criminal activities. He identified being a police officer with the Libby Police Department in Montana from October 1998 to February 2004, and employed with SPD since March 2004. He stated having made numerous investigations of criminal activity that have resulted in arrests, as well as the application for and execution of numerous search warrants.[46] Officer Bower graduated from the Montana State Law Enforcement Academy and also attended the Alaska certification academy in Sitka. He possesses an advanced certificate as a police officer issued by the Alaska Police Standards Council, was a field training officer, and received specialized training for forensic analysis of digital media, to include "computer hard drives and cellular phones."[47]

---

[42] *Id.* at **Ex. N**, Search Warrant No. 3KN-21-77SW at 5.
[43] **Ex. M**, Search Warrant No. 3KN-21-76SW at 5-8; **Ex. N**, Search Warrant No. 3KN-21-77SW at 5-8.
[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] *Id.*

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 9 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

Officer Bower's affidavits in support of his application for two search warrants set out the facts tending to establish the foregoing grounds for issuance of a search warrant as follows:

> On 04-26-21 at 1330 hours, Trident Engineering & Inspection Vice President, Russell Pack stopped by the department to report an intellectual theft by former employee, Martin Anderson, to Officer Swangel. Pack reported Anderson took a company owned computer to Computer Renaissance, located in Soldotna, and had the company information transferred to his personal computer before returning the company computer that had been wiped clean.

> On 04-27-21 Officer Bower took over the investigation and contacted staff at Computer Renaissance. Officer Bower was provided the work order and notes for Martin Anderson which was initiated on 09-05-21 at 1237 hours. Computer Renaissance transferred the hard drive from a Dell Latitude E5470 onto an Orico external hard drive. On 03-22-21 Anderson brought in a silver Dell Latitude E5440 and requested a clone copy be put on the ES440 and requested the process to be expedited. Anderson later picked up both laptops and external hard drive.

> On 04-28-21 at 1103 hours, Officer Bower contacted Russell Pack and requested an estimate of the value of the lost data to provide computer logs from their I.T. department.

> On 04-30-21 at 1204 hours, Trident Engineering & Inspection President James Hall contacted Officer Bower and provided him with a Final Purchase & Sale Agreement, which was documentation that showed Trident Engineering & Inspection had purchased the company from Southern Services, Inc. on 01-22-21 for $280,000, which included the following:

> a. the equipment and other tangible assets;
> b. all client lists and associated client data of the Business;
> c. Lease of office space in Soldotna, Alaska from date of execution of Purchase;
> d. trade names used in connection with the Business, including "Alaska Technical Training" and "Alaska Technical"; and
> e. The goodwill of the Business.

On 05-03-21 James Hall contacted Officer Bower and advised Anderson had set up an office for a competitor in the area, Precision NDT.

On 05-04-21, James Hall provided Officer Bower with documentation from the business I.T. department which used Trident software to link the business laptops to the company server. The software communicates with the server every time it is connected to the Internet. The logs showed the company lap top, Dell Latitude E5470 serial # F5XPGC2, last connected to their server on 03-26-21 at 0814 hours. Anderson turned in the company computer on 03-25-21, which had a new Windows installed on it and did not have any of the company files. The logs further showed that after the computer was turned in, on 3-29-21 at 1111 hours, a new computer connected to their server, a Dell Latitude #5440 serial #7JB5L32. This was made possible due to the cloned drive transferring the Trident software to the new computer.

On 05-06-21 James Hall provided Officer Bower with a list detailing the data that taken and the reported value, which totaled $31,290. Officer Bower researched Precision NDT and learned it was established in Alaska on 04-27-21 with an address of 47801 Funny River Road, Soldotna, AK and Martin Anderson was listed as the agent.[48]

The search warrants were granted pursuant to AS 12.35.020 by Judge Martin Fallon, who found probable cause existed and authorized a search be conducted at "36696 Kimball Court, Sterling, AK[,] outbuildings and any vehicle owned by Martin T. Anderson"[49] and at "Precision NDT 47801 Funny River Road and any vehicle owned by Martin T. Anderson at Soldotna, AK"[50] The warrants were required to be served between the hours of 7 a.m. and 10 p.m., and completed within 30 days.[51]

**C.      Search Warrant 3KN-21-77.**

---

[48] *Id.* at 6-7.
[49] **Ex. M**, Search Warrant No. 3KN-21-76SW at 1. The signed warrant is also a form document; the line above "(city and state)" says "Soldotna, AK" filled in. However, "Sterling, AK" was appropriately noted above.
[50] *Id.*; **Ex. N**, Search Warrant No. 3KN-21-77SW at 1.
[51] *Id.* at 2.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

On May 25, 2021, at approximately 12:30 p.m., Officer Bower, with three SPD officers went to Precision NDT ("Precision") to execute search warrant 3KN-21-77SW.[52] Plaintiff began working for Precision in or around April 2021.[53] Precision opened its office at the Soldotna airport in May 2021, where the business leased spaced.[54] Plaintiff spent approximately 20-25 percent of his time working out of the Precision office, where he shared a workspace with Precision employee Megan Tolliver.[55] Plaintiff was employed as a regional manager of Precision.[56]

On the date and time Officer Bower presented to Precision to serve the search warrant (5/25/21) only Ms. Tolliver was present at the address.[57]  Per Ms. Tolliver, she was in the office with the hangar door open observing the airfield while taking a break when the police stopped their vehicles in front of the office, and several officers exited their vehicle and made their way to the threshold of the hangar.[58]  She contends Officer Bower asked if Plaintiff was present, and she informed him that Plaintiff was out of state on business.[59]  She was told they had a search warrant for a laptop in Plaintiff's

---

[52] **Ex. O**, Affidavit of Megan Eileen Tolliver.
[53] **Ex. P**, Anderson depo at 13-14.
[54] *Id.* at 11 and 14.
[55] *Id.* at 10; 13-14.
[56] **Ex. P**, Anderson depo at 8.
[57] *Id.*
[58] *Id.*
[59] *Id.*

possession, and was shown the front of the search warrant.[60] Ms. Tolliver indicated that she and Officer Bower entered the office together, while she attempted to contact Plaintiff.[61] As she and Officer Bower entered the office, Ms. Tolliver reported "a few officers walked around the open bay of the hangar…another officer entered and began to look around the office. He walked over to Martin Andersons desk and began searching through it."[62] She did not know the officer's name. She contends the officer held up a laptop and she informed him that it was not the right laptop, because the laptop in the warrant was with Plaintiff.[63] She noted the laptop was returned by the unidentified officer, and they all left, with Officer Bower leaving his contact information to pass along to Plaintiff.[64]

No attempt was made by Officer Bower or any other SPD peace officer to serve or execute search warrant 3KN-21-76, which authorized a search of Plaintiff's residence, outbuilding, and vehicles.[65]  On June 1, 2021, the Search Warrant Return was filed for 3KN-21-76, with Officer Bower noting under "Receipt and Inventory of Property Seized,

---

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] For purposes of summary judgment only, Defendants accept the statement of Ms. Tolliver as true.

[64] **Ex. P**, Anderson depo at 68.

[65] *Id.* at 65:7-66:2.

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 13 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100  FAX (907) 274-5111

that the warrant went "UNSERVED" with no property seized "on the authority of this warrant."[66]

### D.     Plaintiff's Voluntary Delivery of Dell E5440 and Case Referral to DA.

Officer Bower made no other effort to serve or execute search warrant 3KN-21-77 after March 25, 2021.[67] Plaintiff's out-of-state attorney requested copies of the two warrants, which were sent to her on May 26, 2021.[68] On June 1, 2021, local counsel for Plaintiff, Eric Derleth, contacted Officer Bower and asked "Can we make a time for [Anderson] to bring his subject laptop to you at SPD?"[69] Plaintiff then brought the subject laptop into the police station on his own accord later that day (6/1/21), which was logged into evidence.[70] Plaintiff did not have an external hard drive.[71]

Despite voluntarily delivering the subject laptop (Dell E5440) to SPD, Plaintiff also filed a *Motion to Suppress Two Search Warrants* (3KN-21-76 and 3KN-21-77) on June 1, 2021, concurrently notifying the District Attorney's (DA) office of filing the

---

[66] **Ex. Q**, Search Warrant Return filed by S. Bower to <u>3KNmailbox@alaskacourts.us</u>, 6/1/21; **Ex. M**, Search Warrant No. 3KN-21-76 at 4.
[67] *Id.*; **Ex. P**, Anderson depo at 69:4-6.
[68] **Ex. R**, D. Vanderzanden email to D. Bower, "Martin Anderson," 5/26/21 and SPD Fax Transmittal to D. Vanderzanden; **Ex. P**, Anderson depo at 68.
[69] *Id.*; **Ex. S**, E. Derleth email to D. Bower, "Martin Anderson-Search Warrant," 6/1/21.
[70] **Ex. P**, Anderson depo at 69:7-9; **Ex. B**, SPD Incident Report (the Incident Report identifies Dell Latitude E5470, which was a scrivener's error. Plaintiff delivered Dell E5440, the computer identified in the search warrant).
[71] *Id.* at **Ex. B**, SPD Incident Report.

motion.[72] Plaintiff's counsel admitted likelihood of prevailing was a "longshot," but was done with the intention of opening a dialogue and to give the DA's office and law enforcement information to consider as the investigation proceeded.[73] An agreement was reached to hold the *Motion* in abeyance.[74]

According to Plaintiff, SPD "***was tricked into believing*** that Marty Anderson 'stole' data from Trident Engineering and Inspection."[75] Plaintiff recounted what he believed to have occurred in an affidavit narrating his version of events in a "documented timeline," contending Trident reported untrue information to SPD and "falsely portrayed itself as a victim."[76] Plaintiff's affidavit stated Trident filed the theft complaint with SPD after he reported complaints against Trident with the Occupational Safety and Health Association (OSHA) and Internet Crime Complaint Center (IC3):

> C. <u>Prior</u> to Trident reporting to SPD that I "stole" their data, I had already reported Trident's illegal hacking to the FBI via the DOJ cyber-hacking web portal known as the Internet Crime Complaint Center (IC3).
> . . . . .
> H. <u>Prior</u> to Trident reporting the alleged theft, I contacted OSHA and made a whistleblower complaint for numerous safety violations that I observed while working as a contractor to Trident, and spoke to OSHA personnel about these allegations a few days later.[77]

---

[72] **Ex. T**, Email communications between E. Derleth and S. Leaders, "Martin Anderson-Motion to Suppress," at 3; **Ex. U**, Motion to Suppress Two Search Warrants (6/1/21).
[73] *Id.*
[74] *Id.*
[75] *Id.* at **Ex. U**, at 2.
[76] *Id.*
[77] **Ex. V**, Affidavit of Martin Anderson (dated 6/1/21).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR
Page 15 of 55
/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

After the laptop was logged and secured into evidence, Officer Bower applied for a warrant to search the Dell 5440 for Trident project files, client lists, and the Alaska Technical Training course materials.[78] The affidavit was made in order to extract and analyze the data from Plaintiff's laptop. The District Court Judge found probable cause.[79] Officer Bower's affidavit confirmed there was probable cause to believe Plaintiff committed the particular crime of Theft I under AS 11.46.100(a), by having in his possession certain property, namely.[80]

Search warrant 3KN-21-82 was served on SPD's evidence custodian.[81] Officer Bower removed the hard drive and made a forensic copy of the drive.[82] On June 2, 2021, the forensic copy was analyzed with forensic software, and 1,193 files were discovered on Plaintiff's laptop, which included power-point presentations, training material, .pdfs, and word documents belonging to Trident.[83] Officer Bower generated a report and a copy of the files were entered into evidence.[84] Officer Bower did not make a determination on criminal charges; instead on June 2, 2021, he sent the case to the DA's office as a "referral."[85] When a case is referred to the DA, evidence is reviewed and the charging

---

[78] **Ex. W**, Search Warrant 3KN-21-82SW.
[79] *Id.*
[80] *Id.*
[81] *Id.*; **Ex. G**, Declaration of Stace Escott.
[82] *Id.*
[83] *Id.*
[84] *Id.*
[85] *Id.*; **Ex. X**, Criminal Case Intake and Disposition; **Ex. B**, SPD Incident Report.

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 16 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

decision is made by the DA.[86] The case was assigned to ADA Justin Works on June 14, 2021.[87] Once referred, it was ADA Works' decision to file charges.[88]

On May 28, 2021, Trident filed a civil complaint against Plaintiff in the Alaska Superior Court, alleging violations of the Alaska Unfair Trade Practices Act, Unjust Enrichment, Tortious Interference with Contracts, and Intentional Interference with Prospective Economic Advantage.[89] On June 8, 2021, Plaintiff filed a separate lawsuit against Trident and its two principals in federal court, USDC District of Maine, alleging the company violated his rights under Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g), in gaining unauthorized access to his computer media and online accounts.[90] Plaintiff's counsel notified ADA Works and Officer Bower about the civil lawsuit between Trident and Plaintiff on June 16, 2021.[91]

Attorneys for Trident and Plaintiff both contacted ADA Works and informed him the parties would be mediating.[92] Plaintiff's attorney asked if the parties were to resolve the litigation if ADA Works would agree to drop the criminal matter. ADA Works agreed to let them go to mediation and await the result.[93] The parties settled, and as part of the

---

[86] **Ex. Y**, Works depo at 10:17-11:20.
[87] *Id.* at 44:9-11.
[88] *Id.* at 23:6-24:1.
[89] Dkt. 1 at 4.
[90] *Id.*; **Ex. P**, Anderson depo at 32:19-24.
[91] **Ex. Z**, E. Derleth email to S. Leads/D. Bowers, "Martin Anderson-Update," 6/16/21.
[92] **Ex. G**, Declaration of Stace Escott.
[93] *Id.*

agreement Trident informed ADA Works that they were not interested in pursuing their theft complaint against Plaintiff.[94] ADA Works was informed of the settlement outcome and made the decision not to pursue charges against Plaintiff in late October 2021.[95] The case was close by the DA's office on October 28, 2021via the final Arrest Tracking Number (ATN) with "Victim Declines to Prosecute" disposition, and Plaintiff's laptop was returned on November 16, 2021.[96]

### E. Plaintiff's APSC Complaint Against Officer Bower.

Despite there being only one attempted search for the subject property occurring at Plaintiff's work (at a time he was not even present), voluntarily delivering the property to SPD, no interrogation, no detainment, no arrest, and of course, no criminal charges even filed, Plaintiff has initiated numerous administrative and informal complaints against Officer Bower resulting in an internal investigation and multiple reviews of the evidence.[97] On December 7, 2021, Plaintiff filed a complaint against Officer Bower through the Alaska Police Standards Council (APSC) complaining Officer Bower, "falsified a search warrant application, recklessly propagated false information and fabricated information in order to obtain a search warrant.[98] Plaintiff alleged Officer

---

[94] *Id.*; **Ex. AA**, 2/14/25 Letter to E. Connell from C. Campion; Dkt. 1 at 5.
[95] **Ex. Y**, Works depo at 81:9-82:10.
[96] **Ex. AB**, ATN Closure and Property Release Report.
[97] **Ex. G**, Declaration of Stace Escott. Plaintiff reported filing complaints with the Alaska Judicial Council and the Alaska Judicial Conduct Council regarding Judge Fallon's granting of approval of the search warrants, without success.
[98] **Ex. AC**, Anderson APSC Complaint.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 18 of 55

/KB
A.33387

Anderson v. City of Soldotna     Case 3:23-cv-00119-KFR     Document 34     Filed 05/06/25     Page 18 of 55

Bower "willfully omitted information that would have clearly shown my innocence."[99] APSC referred the Complaint to SPD, which performed an Administrative Investigation (AI). The investigation was performed by (now) SPD Police Chief Stace Escott.[100]

Chief Escott interviewed ADA Works as part of the AI investigation, who reported that his review of the evidence did not show any improper actions by Officer Bower.[101] He agreed to close the investigation after the victim wrote him and told him they were no longer interested in pursuing theft charges.[102] Chief Escott also interviewed Officer Bower, and reviewed the complaint brought by Plaintiff against the information Officer Bower obtained to apply for the search warrants, including Trident's information and Computer Renaissance's worker order and notes with Officer Bower's interpretation.[103] Upon review of the documents, evidence, and information obtained and evaluated as part of the AI, Officer Bower's explanation interpreting his understanding of the evidence, including interpretation of Computer Renaissance's notes, was valid and truthful. He found no evidence that Officer Bower conducted an unlawful search and/or seizure, recklessly propagated false information, fabricated information, acted recklessly, or willfully omitted material information.[104]

---

[99] *Id.*
[100] **Ex. G**, Declaration of Stace Escott.
[101] *Id.*
[102] *Id.*
[103] *Id.*
[104] *Id.*

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 19 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

Plaintiff was not satisfied with the finding, and accordingly, initiated this lawsuit. He alleges to have suffered approximately $1.9 million in damages – despite having no charges brought against him, no interrogation, no detainment, no arrest, no bail, no prison, no bodily injury, and no conviction.[105] Because Plaintiff's claims are entirely without merit, summary judgment must be granted.

## DISCUSSION

## I.    SUMMARY JUDGMENT STANDARD.

The standard under Fed. R. Civ. P. 56(a) is well known to the court; a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[106]  The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action."[107] It is also well established that the purpose of summary judgment "is to isolate and dispose of factually unsupported claims."[108] Conclusory allegations are not sufficient when plaintiff does not set out factual details to support the conclusion in those allegations.[109]

---

[105] Defendants deny Plaintiff has suffered any damages, nor are the majority of damages alleged even recoverable under 42 U.S.C. § 1983.
[106] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[107] *Id.* at 327.
[108] *Id.*
[109] *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR
Page 20 of 55
/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

## II. SUMMARY JUDGMENT IS WARRANTED ON PLAINTIFF'S § 1983 FOURTH AMENDMENT CLAIM [FIRST CAUSE OF ACTION].[110]

### A. Police Officers Are Required To Show Only A "Fair Probability" That Evidence Of A Crime Will Be Found In Order To Justify Issuance Of A Search Warrant.

"The warrant clause of the Fourth Amendment requires 'probable cause, supported by Oath or affirmation' to justify the issuance of a search warrant."[111] Specifically, a police officer must establish "by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed and that items related to that offense, such as fruits of the crime, will be found on the premises sought to be searched at the time the warrant is issued."[112] In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched.[113]

The facts set forth in a warrant affidavit to support probable cause must be *"truthful,"* but "[t]his does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon

---

[110] Although Plaintiff's First Cause of Action under the Fourth Amendment is directed towards Officer Bower, the text refers to alleged wrongful conduct undertaken by the "Defendants." Dkt. 1 at 13. But, the First Cause of Action, as a matter of law, may only be alleged against Officer Bower. *See Taylor v. List,* 88 F.2d 1040, 1045 (9th Cir. 1989) (individual liability under § 1983 must be predicated upon personal responsibility).

[111] *United States v. Meek,* 366 F.3d 705, 712 (9th Cir. 2004).

[112] *United States v. Rabe,* 848 F.2d 994, 997 (9th Cir. 1988).

[113] *Zurcher v. Stanford Daily,* 436 U.S. 547, 556 & n. 6 (1978).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 21 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily."[114] Rather, the facts must be "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true."[115] An officer "need not include all of the information in [his] possession to obtain a search warrant. An affidavit need only show facts adequate to support a finding of probable cause."[116] When, as in this case, affidavits are written by nonlawyers in the midst of an investigation, "technical requirements for elaborate specificity" have no place in any subsequent review of warrant affidavits.[117]

Probable cause for a search warrant "means a fair probability that contraband or evidence of a crime will be found in a particular place, based on the totality of the circumstances."[118] As the Supreme Court has observed: "[I]t is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.'"[119] And probable cause is certainly a much lower threshold than the "beyond a reasonable doubt" degree of proof needed to support a conviction. The Ninth Circuit has

---

[114] *Franks v. Delaware,* 438 U.S. 154, 164-165 (1978).
[115] *Id.* at 165.
[116] *United States v. Johns,* 948 F.2d 599, 606-07 (9th Cir. 1991) (emphasis added).
[117] *United States v. Ventresca,* 380 U.S. 102, 108 (1965).
[118] *United States v. SDI Future Health, Inc.,* 568 F.3d 684, 703 (9th Cir. 2009).
[119] *Illinois v. Gates,* 462 U.S. 213, 235 (1983), *quoting Spinelli v. United States,* 393 U.S. 410, 419 (1969).

said that probable cause does not require "certainty," or a "preponderance of the evidence," or even a *prima facie* showing, but simply a "fair probability."[120]

"Police may rely on hearsay and other evidence that would not be admissible in a court to determine probable cause."[121] Officers may additionally "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that might well elude an untrained person."[122] "As a corollary ... of the rule that the police may rely on the totality of facts available to them in establishing probable cause, they also may not disregard facts tending to dissipate probable cause."[123] Nevertheless, the "fact that other inferences are possible does not mean that there is a triable issue of fact as to whether there was probable cause."[124] "Law enforcement officers do not have to rule out the possibility of innocent behavior."[125] The Fourth Amendment does not require an affiant to include all potentially exculpatory evidence in the affidavit to support probable cause.[126] Nor are officers required to identify

---

[120] *See United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir.) (*en banc), cert. denied,* 549 U.S. 1032 (2006).
[121] *Hart v. Parks,* 450 F.3d 1059, 1066 (9th Cir. 2006).
[122] *Id.* at 1067, *quoting United States v. Arvizu,* 534 U.S. 266, 273 (2002).
[123] *Ramirez v. City of Buena Park,* 560 F.3d 1012, 1023-1024 (9th Cir. 2009).
[124] *Hart,* 450 F.3d at 1067.
[125] *Ramirez,* 560 F.3d at 1024.
[126] *United States v. Colkley,* 899 F.2d 297, 302 (4th Cir. 1990) ("Johnson's contention that the Fourth Amendment requires an affiant to include all potentially exculpatory evidence in the affidavit must be rejected"); *Ewing,* 588 F.3d at 1226-1227 (citing to *Colkley*).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 23 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

inconsistencies in the evidence.[127] Indeed, officers are not required to include information in the affidavit that they did not find credible.[128] Although existence of probable cause is highly dependeant on the facts of each case, "whether a reasonable officer could have believed probable cause . . . existed to justify a search or arrest is essentially a legal question that should be determined by the district court at the earliest point in the litigation."[129] Accordingly, "where the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts, it is appropriate for th[e] court to decide whether probable cause existed...."[130]

Judicial deception may not be employed by an officer to obtain a search warrant.[131] "To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause."[132] The plaintiff's showing of a deliberate falsehood or reckless disregard for the truth must be substantial.[133] If a plaintiff cannot satisfy either of the above prongs, the court does not need to go any further and should

---

[127] *Gressett v. Contra Costa Cnty.,* 2013 WL 2156278, at *9 (N.D. Cal. May 17, 2013) ("[T]he alleged failure to point out inconsistencies to the magistrate does not amount to 'deliberate falsity or reckless disregard of the truth'").
[128] *Bettin v. Maricopa Cnty.,* 2007 WL 1713319, at * 14 (D. Ariz. June 12, 2007) ("Nonetheless, probable cause for a warrant may not be predicated on the basis of a 'reckless or prevaricating tale' told by an unreliable and uncorroborated [witness]").
[129] *Peng v. Hu*, 335 F. 3d 970, 979-980 (9th Cir. 2003).
[130] *Id.*
[131] *Franks v. Delaware,* 438 U.S. 154, 155-156, 170-171 (1978).
[132] *KRL v. Moore,* 384 F.3d 1105, 1117 (9th Cir. 2004).
[133] *Ewing,* 588 F.3d at 1224.

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 24 of 55

/KB
A.33387

Anderson v. City of Soldotna    Case 3:23-cv-00119-KFR    Document 34    Filed 05/06/25    Page 24 of 55

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

grant summary judgment on the claim in favor of the defendant.[134] "Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause."[135] "The court determines the materiality of alleged false statements or omissions."[136] If false statements are submitted to the magistrate, the district court "purges those statements and determines whether what is left justifies issuance of the warrant."[137] "If the officer omitted facts required to prevent technically true statements in the affidavit from being misleading, the court determines whether the affidavit, once corrected and supplemented, establishes probable cause."[138] Plaintiff cannot meet his burden under this heightened pleading standard as a matter of law.[139]

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found

---

[134] *See Liston v. County of Riverside,* 120 F3d 965, 973, fn. 8 (9th Cir. 1997).
[135] *Id.*
[136] *KRL,* 384 F.3d at 1117.
[137] *Ewing,* 588 F.3d at 1224.
[138] *Id.*
[139] *Hervey v. Estes,* 65 F.3d 784, 788 (9th Cir. 1995) ("We established a heightened pleading standard for a plaintiff to establish that the defendant knowingly or recklessly misled the magistrate"); *United States v. Craighead,* 539 F.3d 1073, 1080 (9th Cir. 2008) (the plaintiff must make "specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such claim with a detailed offer of proof.")

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 25 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

in a particular place."[140] The district court's role, in turn, is to ensure the judicial officer issuing the search warrant had a "substantial basis" to conclude probable cause existed.[141] In reviewing the sufficiency of the affidavit supporting the warrant, "after-the-fact scrutiny by courts ... should not take the form of *de novo* review. A magistrate's determination of probable cause should be paid great deference by reviewing courts. A grudging or negative attitude by reviewing courts toward warrants is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant."[142]

## B. Officer Bower Made A Substantial Showing Of Probable Cause To The District Court Judge Who Issued the Search Warrants.

Probable cause "is not a high bar" and it was met by Officer Bower in the subject affidavits.[143] The gravamen of Plaintiff's Fourth Amendment claim is that Officer Bower lacked probable cause for the search warrants.[144] Plaintiff necessarily challenges the decision by Judge Fallon, which is entitled to great deference. Plaintiff contends procuring a search warrant in a non-criminal civil dispute is illegal and violates the rights accorded under the U.S. Constitution.[145] When asked to state with particularity the basis for his cause of action, Plaintiff asserted: "Officer Bower knowingly and intentionally, or

---

[140] *Illinois v. Gates,* 462 U.S. at 238.

[141] *Id.* at 238-239.

[142] *Id.* at 236 (citations and internal quotes omitted); *see also Dawson v. City of Seattle,* 435 F.3d 1054, 1062 (9th Cir. 2006) (decision to issue warrant is reviewed for "clear error").

[143] *Kaley v. United States*, 571 U.S. 320, 338 (2014).

[144] Dkt. 1 at 2, 11, 12-13.

[145] *Id.* at 13.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

with reckless disregard for the truth, provided false information and withheld exculpatory evidence."[146] First, Plaintiff cannot produce a particularized showing of "false information" knowingly or intentionally provided by Officer Bower, or demonstrates *material* information was omitted that would have eliminated probable cause. In the first paragraph of the affidavits submitted, Officer Bower correctly states a report was taken by Officer Swangel alleging that Plaintiff took a computer owned by Trident to Computer Renaissance and had company information transferred to his personal computer before returning the company computer that had been wiped clean.[147] This information supplemented by additional material and evidence provided by Trident.[148]

Next, Officer Bower wrote in the affidavits that on 4/27/21 he took over the Investigation and indeed, Officer Bower was assigned to investigate the allegation of felony theft on April 27, 2021.[149] Officer Bower did contact Computer Renaissance as noted, and was able to confirm Plaintiff had brought the company computer there to make a copy of it, was informed they did all of Plaintiff's computer work, confirmed Plaintiff's Dell E4550, and identified the make of the only brand of external hard drives they sold

---

[146] **Ex. AD**, Plaintiff Martin Anderson's Responses to Defendants' First Set of Interrogatories, Requests for Production, and Request for Admission, at ROG No. 1.
[147] **Ex. M** and **Ex. N** at 4.
[148] *See* **Ex. H**, J. Hall email to D. Bower "Theft of Property Complaint Information," 4/30/21 (with attachments)
[149] **Ex. D**, T. Brennan email to D. Bower "SO21000745," 4/27/21. Officer Bower was a police officer with the powers and duties enumerated by law. AS 18.65.290(8)(A).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 27 of 55

/KB
A.33387

(Orico).[150] Officer Bower's review and assessment of the information retrieved from Computer Renaissance corroborated the complaint and information from Trident.[151] This included Trident's allegation of cloning (theft) - that there was information cloned from the company-owned computer and put onto another computer.[152] In addition, the notes on page 5 of the work order provided further confirmation of Trident's complaints.[153] Although Officer Bower incorrectly identified the date of the work orders as 09/05/21, instead of 09/05/20, this was a typographical error, one which the neutral judge reviewed and did not find concerning. Even if the Court were to strike this information, the contact with Computer Renaissance provided sufficient validation to establish that Plaintiff owned the Dell E5440, had brought two computers into Computer Renaissance, and had data transferred from the company computer to his. Probable cause would still exist.

Officer Bower noted he contacted Russell Pack on 4/28/21 and asked for information regarding the value of the lost data and to provide computer logs from their I.T. department.[154] Trident responded on 4/30/21, "Please find attached documentation of the cloning of the hard drive of our company computer by Martin Anderson. Dave Wilson is our IT consultant that handles our systems. His email is attached showing the technical

---

[150] **Ex. AE**, Bower depo at 56:5-25; **Ex. G**, Declaration of Stace Escott.
[151] *Id.* at 58:3-15.
[152] *Id.*
[153] **Ex. G**, Declaration of Stace Escott; **Ex. F**, Computer Renaissance work order and notes.
[154] **Ex. M** and **Ex. N** at 4.

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR
Page 28 of 55
/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

FARLEY & GRAVES, P. C.

807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

information on the cloning (theft)."[155] The requested logs supported the claim that Plaintiff was able to access Trident's server from a cloned hard drive after leaving Trident and after returning the E5470. Trident also provided documentation valuing their loss, and the PAS confirmed Trident had purchased SSI and owned the property alleged to have been stolen at the time they said the theft occurred (and that Plaintiff's employment agreement with SSI was included in the transaction).[156]

With regard to Officer Bower's affidavit stating on 5/3/21, Trident President contacted him to inform him that Plaintiff had set up an office for a competitor in the area, Precision NDT, Officer Bower researched the information and verified that Precision was established in Alaska on 4/27/21, confirmed its address, and confirmed Plaintiff was listed as the agent, as well as confirming Plaintiff had established training school called "Alaska Technical & Training Services."[157] Such information is public record.

Despite Plaintiff's claim this was "strictly" a civil dispute between two business entities that Officer Bower have investigated, he fails to recognize that a legitimate report of a crime - felony theft - was made against him by a credible business entity.[158] As a police officer, it was Officer Bower's job to investigate the alleged crime. Nor would

---

[155] **Ex. I**, J. Hall email to D. Bower "Theft of Property Complaint Information," 4/30/21 (with attachments).
[156] *Id.*
[157] **Ex. M** and **Ex. N** at 5; **Ex. B**, SPD Incident Report; **Ex. H**, Alaska Technical and Training Services.
[158] **Ex. B**, SPD Incident Report; **Ex. H**, J. Hall email to D. Bower, "Theft of Property Complaint Information," 4/30/21 (with attachments).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT          Page 29 of 55          /KB
ANDERSON V. CITY OF SOLDOTNA ET AL                                              A.33387
CASE NO. 3:23-cv-000119 KFR

Anderson v. City of Soldotna 3:23-cv-00119-KFR      Document 34      Filed 05/06/25      Page 29 of 55

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100  FAX (907) 274-5111

Officer Bower had known there was a "civil dispute" between the two parties, since no litigation had been initiated at that time by either side.

There is no constitutional requirement for the perfect booking of evidence, perfect documentation on police reports, and/or perfect handling of evidence in the context of § 1983.[159] That there were typographical errors or inconsistencies does not change the fact that there was probable cause, nor does it amount to a "substantial showing" of a deliberate falsehood or reckless disregard for the truth on Officer Bower's part. Plaintiff's claims that false statements were included in the application for the search warrants is not supported by evidence adequate to rise to the level required of "making a substantial showing" or "mak[ing] specific allegations that indicate the portions of the warrant claimed to be false."[160]  Regarding the second prong, Plaintiff's claims regarding the *material* facts in the search warrant affidavit are seriously lacking. In fact, because Plaintiff has not clearly identified the portions of the affidavit that are allegedly false or identify *material* information that was omitted and supported those allegations with admissible evidence, it is difficult to address the second prong regarding materiality. The only "evidence" provided by Plaintiff are unsupported conclusory assertions insufficient

---

[159] *Johnston v. County of Sonoma,* 2011 WL 855934, *3 (N. D. Cal. March 9, 2011).
[160] *See Alberici v. Cty of L.A.*, 2013 WL 5573045 (C.D. Ca. Oct. 9, 2013).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 30 of 55

/KB
A.33387

to defeat summary judgment. Plaintiff's claims must fail because the allegations, at most, allege negligence, which cannot sustain a § 1983 claim as a matter of law.[161]

Plaintiff's allegations also do not contradict the central facts, which support the magistrate's finding of probable cause to believe a criminal act of theft occurred authorizing the issuance of a warrant. Where probable cause remains in the face of inadequate allegations regarding falsification, no claim for judicial deception can be supported. Officer Bower was required to demonstrate to the magistrate only "a fair probability that contraband or evidence of a crime [would] be found in a particular place, based on the totality of the circumstances."[162] He provided abundant evidence to secure the search warrant, and Judge Fallon's decision to issue the warrant is entitled to great deference. Because Plaintiff has not and cannot meet his burden of making a substantial showing of errors or omissions in the affidavits, and that those errors or omissions were material to the issuance of the search warrants, this Court should grant summary judgment for Officer Bower.

**D.    Officer Bower Did Not Engage In An Unreasonable Search Of Precision NDT.**

Plaintiff seeks damages under § 1983 alleging Officer Bower acted unreasonable in attempting to execute Search Warrant 3KN-21-77SW at Precision. Officer Bower did

---

[161] *Shilo v. City of Portland,* 2005 WL 3157563, at *1 (D. Or. Nov. 22, 2005).
[162] *United States v. SDI,* 568 F.3d at 703.

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 31 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

not engage in any action that violated Plaintiff's rights under the Fourth Amendment when he went to Precision with a search warrant on May 25, 2021. Plaintiff's Complaint states his claims "arise from a May 25, 2021, execution of a search warrant incident by officers of the Soldotna Police Department ("SPD"), acting under color of state law, intentionally and willfully entered Plaintiff's place of business without permission but with a warrant procured through intentionally or recklessly false information and omission of truthful information."[163] Officer Bower is entitled to summary judgment on the separate ground that Plaintiff has failed to demonstrate that Officer Bower personally subjected Plaintiff to a deprivation of his federal rights in conducting an unlawful "search" at Plaintiff's office or suffered a constitutional injury.

Section 1983 imposes liability for "conduct which 'subjects or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws."[164] An individual capacity claim will only lie when the alleged conduct proximately causes a constitutional injury.[165] Thus, there can be no liability to officers for an alleged unreasonable search or seizure absent direct evidence of their individual participation.[166]

---

[163] Dkt. 1 at 2.

[164] *Williams v. Smith*, 781 F.2d 319, 322 (2d Cir. 1986) (quoting *Rizzo v. Goode*, 423 U.S. 362, 370-71, 46 L. Ed. 2d 561, 96 S. Ct. 598 (1976)).

[165] 42 U.S.C. § 1983; *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Faye v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (it must be shown that the named defendant was personally involved in the claimed deprivation of plaintiff's constitutional rights).

[166] *See Jones v. Williams*, 297 F.3d 930, 933 (9th Cir. 2002) (holding that officers cannot be liable for an allegedly unlawful search when there is no direct evidence of their individual participation).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 32 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100  FAX (907) 274-5111

Personal involvement of Officer Bower in an alleged constitutional deprivation is a "prerequisite to an award of damages under § 1983."[167] The Ninth Circuit has held that being present during an (unlawful) search is insufficient under § 1983 without evidence of "either integral participation or personal involvement."[168] There must be real, personal involvement in the alleged constitutional deprivation to yield personal liability.[169] Plaintiff cannot establish sufficient facts to demonstrate Officer Bower's actions of speaking with Ms. Tolliver and accompanying her inside the office so she could contact Plaintiff subject him, in any manner, to be deprived of his Fourth Amendment rights or to have his Fourth Amendment rights be violated.[170] Fourth Amendment rights are personal rights, and cannot be asserted vicariously.[171] Summary judgment therefore follows.

Furthermore, a search of a person's property is not unreasonable under the U.S. Constitution when there is voluntary consent.[172] The lack of any constitutional violation to Plaintiff is bolstered by the fact Plaintiff, through counsel, obtained copies of the two warrants and had his local counsel contact Officer Bower and arrange for him to

---

[167] *Id*. (*citing McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)).
[168] *Id.* at 937.
[169] *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985).
[170] **Ex. O**, Affidavit of Megan Eileen Tolliver.
[171] *Alderman v. United States*, 394 U.S. 165, 174 (1969).
[172] *U.S. v. Crawford*, 323 F.3d 700, 718 (9th Cir. 2003) ("[i]t is clear that 'a search conducted pursuant to a valid consent is constitutionally permissible [,]' ") (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973)).

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100    FAX (907) 274-5111

voluntarily deliver the laptop to SPD, which he did.[173] And, despite filing a *Motion to Suppress Two Search Warrants* (wherein he conceded that prevailing was a "longshot"), agreed to hold the motion in abeyance in order to facilitate an investigation and open dialogue. Plaintiff waived challenging the alleged unlawful search warrant and lack of probable cause by his voluntary delivery of the laptop. Certainly, he was not coerced or tricked into bringing the laptop to SPD, and could have, but chose not to challenge the issuance of the warrant despite filing a Motion. Summary judgment should be granted.

### D. Officer Bower Is Entitled To Summary Judgment Because He Has Qualified Immunity.

The doctrine of qualified immunity offers pivotal protection to government officials, defending them against civil liabilities, provided they have not infringed upon clearly discernible statutory or constitutional rights. It shields public officials such as police officers who "routinely make close decisions in the exercise of the broad authority that necessarily is delegated to them."[174] "[A]ll but the plainly incompetent or those who *knowingly* violate the law" are protected by qualified immunity."[175] The strength of qualified immunity lies in its endurance despite an officer's reasonable mistakes of law, of fact, or a mixture of both.[176] "Moreover, because the entitlement is an immunity from

---

[173] *Reyes v. City of Glendale*, 2009 WL 2241602, at *14 (C.D. Cal. July 23, 2009) (the fruit of the poisonous tree doctrine is not available to assist a § 1983 claimant).
[174] *Davis v. Scherer*, 468 U.S. 183, 196 (1984).
[175] *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (emphasis added).
[176] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 34 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

suit rather than a mere defense to liability, we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation."[177] Drawing upon the circumstances at hand, Officer Bower's actions fall squarely within the contours of this immunity, highlighting his right to the protections it offers.

"Qualified immunity is proper unless Plaintiffs establish that (1) [the law enforcement officer] committed a constitutional violation, and (2) [the law enforcement officer's] specific conduct violated clearly established federal law."[178] The Court may address either prong first, but both must be satisfied for a plaintiff to defeat qualified immunity.[179] Officer Bower is entitled to qualified immunity under either prong.

### 1. A Reasonably Competent Law Enforcement Officer Reviewing Officer Bower's Affidavit Would Have Concluded That a Warrant Should Issue.

"The Fourth Amendment provides in relevant part that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'"[180] "A police officer generally has qualified immunity for conducting an unconstitutional search if he is acting on the basis of a facially valid warrant."[181] "We have recognized that it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we

---

[177] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citations omitted).
[178] *Sharp v. Cnty. of Orange*, 871 F.3d 901, 909 (9th Cir. 2017) (citation omitted).
[179] *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).
[180] *U.S. v. Jones*, 565 U.S. 400, 404 (2012).
[181] *Barlow v. Ground*, 943 F.2d 1132, 1139 (9th Cir. 1991) (citation omitted).

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

have indicated that in such cases those officials - like other officials who act in ways they reasonably believe to be lawful - should not be held personally liable."[182]

"Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that officers acted in an objectively reasonable manner or, as we have sometimes put it, in 'objective good faith.' "[183] However, "[the existence of a warrant] does not end the inquiry into objective reasonableness. Rather, we have recognized an exception allowing suit when it is obvious that no reasonably competent officer would have concluded that a warrant should issue."[184] "The 'shield of immunity' otherwise conferred by the warrant will be lost, for example, where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."[185]

"An affidavit is so lacking in indicia of probable cause, or bare bones, when it fails to provide a colorable argument for probable cause."[186] An example of a facially deficient search warrant or supporting affidavit is one "failing to particularize the place to be searched or the things to be seized - that the executing officers cannot presume it to be

---

[182] *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).
[183] *Messerschmidt*, 565 U.S. at 546.
[184] *Id*. at 547.
[185] *Id.*
[186] *U.S. v. Underwood*, 725 F.3d 1076, 1085 (9th Cir. 2013) (citation omitted).

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

valid."[187] Here, as set out above in Paragraph II(b) and incorporated herein by reference, Officer Bower's affidavits were not so lacking in indicia of probable cause as to render official belief in their existence entirely unreasonable, nor can Plaintiff meet the heightened standard of judicial deception and overcome Officer Bower's entitlement to qualified immunity here. Officer Bower's understanding and interpretation of the Computer Renaissance work order and notes comported with the information received by Officer Bower, even if it did not align precisely. His affidavit was not perfect, but perfection or near-perfection is not required for an officer to be entitled to qualified immunity.

Additional evidence also supports that a reasonably competent officer would have concluded that a warrant should issue based on Officer Bower's affidavit. ADA Works and Chief Escott reviewed the information and evidence and opined that Officer Bower's investigation was consistent with that of a reasonable, well-trained officer who read his affidavit would conclude that probable cause existed to seek and obtain a search warrant. Officer Bower is entitled to summary judgment on qualified immunity.

> **2. No Precedent Clearly Establishes That Failing to Include Details in a Search Warrant Affidavit That Do Not Exculpate a Suspect is Unconstitutional.**

Even if any or all of the allegedly false statements in the warrant application or the

---

[187] *U.S. v. Leon*, 468 U.S. 897, 923 (1984).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 37 of 55

/KB
A.33387

alleged omissions from that application were found to constitute judicial deception, Officer Bower would still be entitled to qualified immunity unless Plaintiff can establish Officer Bower acted in violation of clearly established law, such that any reasonable officer in the officer's position would understand that their conduct violated Plaintiff's constitutional rights.[188] "A plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue."[189] Courts ask "whether the violative nature of *particular* conduct is clearly established," an inquiry that "must be undertaken in light of the specific context of the case, not as a broad general proposition."[190]

"Such specificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine... will apply to the factual situation the officer confronts."[191] Therefore, "[t]o meet their burden, plaintiffs must generally identify a case where an officer acting under similar circumstances was held to have violated the [constitutional

---

[188] *O'Neel v. City of Folsom*, 2024 WL 1676726 at *3 (E.D. Cal. Apr. 18, 2024) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."); *Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.").
[189] *Davis v. Scherer*, 468 U.S. 183, 197 (1984).
[190] *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (emphasis in original).
[191] *Id.*

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

provision underlying a claim]."[192] "In other words, Plaintiffs must point to prior case law that articulates a constitutional rule specific enough to alert *these* [law enforcement officers] *in this case* that *their particular conduct* was unlawful. To achieve that kind of notice, the prior precedent must be 'controlling' - from the Ninth Circuit or Supreme Court - or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction."[193]

No case law addresses a factual scenario remotely similar where a suspect's alleged constitutional rights were deemed violated when a law enforcement officer did not include certain details in his affidavit for a warrant that did not exculpate a suspect, nor is there controlling precedence that requires an officer to undertake its own testing on an electronic device instead of reviewing and analyzing the forensic evidence submitted during an initial investigation. "The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents."[194]  There is further no controlling authority that inadvertent scrivener's error in the affidavit results in the loss of qualified immunity. Nor, as Plaintiff has suggested, has he identified any authority holding that a supervisor must review the underlying evidence or documentation for a warrant

---

[192] *Felarca v. Birgeneau*, 891 F3d. 809, 822 (9th Cir. 2018).
[193] *Sharp v. Cnty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (emphasis in original).
[194] *Groh v. Ramirez*, 540 U.S. 551, 557 (2004).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 39 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

FARLEY & GRAVES, P. C.

807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

application by a subordinate, nor does it appear such authority exists.[195] Neither the search warrants nor Officer Bower's affidavits reveal any glaring deficiency or flaw that could be immediately identified as a constitutional issue by any reasonable police officer. Thus, because Plaintiff cannot show that controlling precedent or a consensus of courts outside the 9th Circuit have clearly established the foregoing is unconstitutional, Plaintiff cannot satisfy the second prong of a qualified immunity analysis. Because Plaintiff cannot establish either prong, Officer Bower is entitled to qualified immunity on Plaintiff's § 1983 claims.

### III.    PLAINTIFF'S FIRST AMENDMENT RETALIATION CLAIM FAILS AS A MATTER OF LAW [SECOND CLAIM FOR RELIEF].

Plaintiff's Complaint alleges a First Amendment violation for "Retaliatory Search (Against Defendant Bower in His Personal Capacity)."[196] "The First Amendment forbids government officials from retaliating against individuals for speaking out."[197] To demonstrate a First Amendment violation, a plaintiff must provide evidence showing that "by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and

---

[195] *O'Neel*, 2024 WL 1676726 at *3 ("plaintiffs have not identified, and the court is unaware of, any authority holding that a supervisor must review the underlying evidence or documentation for a warrant application prepared by her subordinate.").
[196] Dkt. 1 at 13-14.
[197] *Blair v. Bethel Sch. Dist*, 608 F.3d 540, 543 (9th Cir. 2010) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986)).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 40 of 55

/KB
A.33387

such deterrence was a substantial or motivating factor in [the defendant's] conduct."[198] Specifically, a plaintiff must make three showings: "(1) he engaged in activity that is constitutionally protected; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action."[199]

Plaintiff's allegations fail on the merits because the alleged "speech" Plaintiff engaged in was as a private employee/person complaining about specific acts and grievances concerning a private business/employer. The unrefuted material facts show Plaintiff did not speak out as a private citizen on matters of public concern; he was never subject to an adverse action by Officer Bower that "chilled" his speech", nor is there evidence showing a substantial causal relationship between Officer Bower undertaking a criminal investigation of felony theft against Plaintiff because Plaintiff purportedly filed an OSHA and IC3 complaint against Trident, a private business. Summary judgment should be granted as a matter of law.

**A.    Complaints To OSHA And IC3 RE: Trident Not Protected Speech.**

Plaintiff alleges that he engaged in "protected speech" when he filed a complaint

---

[198] *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994) (citing *Mendocino Envt'l Ctr. v. Mendocino City*, 14 F.3d 457, 464 (9th Cir. 1994)).
[199] *Blair*, 608 F.3d at 543 (citing *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006)).

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

with OSHA and IC3 concerning Trident's alleged actions.[200] Trident is not a public employer – it is a private corporation.[201] Plaintiff's grievances were personal issues arising out his business relationship with Trident.[202]  Neither of the alleged complaints involved "issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government."[203] His complaints did not involve governmental speech. Plaintiff's complaints dealt exclusively with "individual personnel disputes and grievances" that would be of "no relevance to the public's evaluation of the performance of governmental agencies."[204]

**B.**     **Plaintiff Cannot Produce Admissible Evidence To Support His Claim.**

Plaintiff cannot produce admissible evidence that supports his cause of action that retaliatory measures were taken by Officer Bower showing an intention to chill his first amendment rights because of Plaintiff's reports to OSHA or IC3 about Trident, or a substantial causal relationship between Officer Bower's actions investigating a third party's criminal complaint as retaliation for Plaintiff filing an OSHA or IC3 complaint against the third-party.[205] Summary judgment on this claim should be granted.

Plaintiff "must allege facts ultimately enabling him to prove the elements of

---

[200] Dkt. 1 at 13-14.
[201] **Ex. A**, AK Corporate Business License for Trident Engineering & Inspection, Inc.
[202] **Ex. V**, Affidavit of Martin Anderson.
[203] *McKinley v. City of Eloy,* 705 F.2d 1110, 1114 (9th Cir. 1983).
[204] *Coszalter v. City of Salem,* 320 F.3d 320 F.3d 968, 973 (9th Cir. 2003).
[205] If that were the standard, officers would be vicariously liable for the independent actions of private third-parties.

retaliatory animus as the cause of the injury, with causation being understood to be but-for causation."[206] Plaintiff must also do more than simply allege his "speech" was "chilled" by legitimate law enforcement activities.[207] In this case, the First Amendment retaliation claim should be summarily adjudicated where there is no evidence Officer Bower's actions were motivated by intent to deter or chill Plaintiff's speech. In fact, the evidence proves contrary. Critically, Plaintiff's Complaint at ¶ 52 directly asserts Officer Bower's investigation of Trident's report of felony theft was intended to "to chill Plaintiff *from pursuing*" a complaint against OSHA, IC3, and/or from using the courts to seek civil redress.[208] But, in Plaintiff's June 1, 2021, affidavit he filed with the *Motion to Suppress*, he stated under oath that he had filed complaints against OSHA and IC3 *prior to* Trident reporting the felony theft to SPD.[209] Certainly, Plaintiff was not deterred or chilled from seeking civil redress either, as Plaintiff's lawyer, Mr. Derleth, confirmed that Plaintiff had initiated a lawsuit against Trident and its two principles in federal court *after* they reported the theft to SPD.[210] Plaintiff testified he filed the lawsuit against Trident in federal court on June 8, 2021.[211]

---

[206] *Lacey v. Maricopa Cnty.,* 693 F.3d 896. 915, 917 (9th Cir. 2012).
[207] *Awabdy v. City of Adelanto,* 368 F.3d at 1071.
[208] Dkt. 1 at 14 (emphasis added).
[209] **Ex. V**,  Affidavit of Martin Anderson at 8-9.
[210] **Ex. Z**, E. Derleth email to S. Leads/D. Bowers, "Martin Anderson-Update," 6/16/21.
[211] **Ex. P**, Anderson depo at 32:19-24.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

To further underscore the lack of any constitutional injury, Plaintiff testified to having no knowledge or information that Officer Bower was aware that Plaintiff had filed the OSHA or IC3 complaints against Trident when he investigated the claim for felony theft and applied for the search warrants.[212] He further denied having any knowledge Officer Bower conspired with Trident in bringing the complaint of felony theft.[213] Plaintiff's testimony shows that he has no evidence to support his claim that Officer Bower's application for search warrants were in retaliation for making complaints against his former private employer/business, to OSHA and IC3, or that Officer Bower desired to silence or retaliate against him for making those claims. A plaintiff's mere allegation that he was harmed does not amount to satisfying the causation requirement of a § 1983 action.[214]  Where a chilling effect is speculative, indirect or too remote, a plaintiff has failed to show an abridgment of First Amendment rights.[215] Because there is no genuine issue of material fact sufficient to overcome summary judgment, Defendants' motion be granted.

**C.**     **Summary Judgment Should Be Granted Because Officer Bower Is Entitled To Qualified Immunity.**

---

[212] *Id.* at 140:3-12.

[213] *Id.* at 141:1-6.

[214] *See Sullivan v. Carrick*, 888 F.2d 1, 4 (1st Cir. 1989) (*citing Gordon v. Warren Consol. Bd. of Educ.*, 706 F.2d 778, 780 (6th Cir. 1983); *Laird v. Tatu*, 408 U.S. 1, 13 (1972)).

[215] *Id.* (*citing United States v. Harriss*, 347 U.S. 612, 626 (1954)).

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 44 of 55

/KB
A.33387

Even assuming *arguendo*, that Plaintiff raised a viable claim under § 1983 for Retaliatory Search in violation of the First Amendment (he has not), Officer Bower is entitled to qualified immunity. Tt cannot be said that Officer Bower's actions violated any "clearly established" constitutional rule. Therefore, he is entitled to qualified immunity for any damages.

## IV. THE CITY IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S *MONELL* CLAIMS AS A MATTTER OF LAW [THIRD CLAIM FOR RELIEF]

Plaintiff's third and final claim is a § 1983 municipal liability claim against the City directly, seeking redress for the alleged violations of his constitutional rights, i.e., *Monell* claim.[216] This is a baseless claim. "If a court finds the officers acted constitutionally, the city has no liability under §1983."[217] Here, Plaintiff was not deprived of a constitutional right as a matter of law. On this basis alone, the Court should dismiss Plaintiff's *Monell* claim against the City.[218] A municipality may not be sued under § 1983 "for an injury inflicted solely by its employees or agents."[219] Instead, "local governments are responsible only for 'their *own* illegal acts.'"[220] It is only when

---

[216] *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

[217] *Martin v. City of Oceanside*, 205 F. Supp.2d 1142, 1154 -1155 (S.D.Cal. 2002) *aff'd,* 360 F.3d 1078 (9th Cir. 2004).

[218] *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.").

[219] *Monell,* 436 U.S. at 694.

[220] *Connick v. Thompson,* 563 U.S. 51, 60 (2011) (emphasis in original).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 45 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

"execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983."[221] "[A] municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation."[222]

"[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and *must demonstrate a direct causal link between the municipal action and the deprivation of federal rights*."[223] "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees."[224] "To the extent that we have recognized a cause of action under § 1983 based on a single decision attributable to a municipality, we have done so only where the evidence that the municipality had acted and that the plaintiff had suffered a deprivation of federal rights also proved fault and causation."[225]

The *Monell* doctrine is a complex area of law that requires certain prerequisites to be satisfied for a claim to proceed. "To state *a Monell* claim, a plaintiff must establish: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that

---

[221] *Monell*, 436 U.S. at 694.
[222] *Id.*
[223] *Board of the Cnty. Comm of Bryan County v. Brown*, 520 U.S. 397, 404 (1996).
[224] *Id.* at 405.
[225] *Id.*

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR
Page 46 of 55
/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

the municipality had a policy, custom, or practice; (3) that the policy, custom, or practice amounted to deliberate indifference to the plaintiffs constitutional rights; and (4) that the policy, custom, or practice was the moving force behind the constitutional violation."[226]

There are three ways to show a policy or custom of a municipality:

(1) By showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity;
(2) By showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision or
(3) By showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate.[227]

Further, "While the liability of municipalities doesn't turn on the liability of individual officers, it is contingent on a violation of constitutional rights."[228] "[N]either *Monell* … nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite

---

[226] *Sternberg v. Town of Danville,* 2015 WL 9024340, at *3 (N.D. Cal. Dec. 16, 2015) (citing *Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011) (outlining these factors)).
[227] *Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir. 2005).
[228] *Scott v. Henrich,* 39 F.3d 912, 916 (9th Cir. 1992); *cert. denied,* 515 U.S. 1159 (1995).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 47 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100    FAX (907) 274-5111

FARLEY & GRAVES, P. C.

807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

beside the point."[229] Under *Heller, supra,* and general principles of § 1983 liability, an individual may recover ***only*** when that individual's federal rights have been violated.[230]

Plaintiff cannot establish any municipal liability claim against the City because he cannot show *both* a violation of constitutional rights *and* that the violation was the result of an official policy, pattern or practice of the City. The undisputed evidence establishes that the search warrant affidavits established probable cause, were lawful, and his constitutional rights were not violated. Plaintiff has no evidence at all to show any unconstitutional official policy pattern or practice of the City and no evidence to show a direct causal link between municipal action and deprivation of any federal rights.

Plaintiff's primary allegation pursuant to *Monell* alleges inadequacies in police training resulted in his alleged constitutional injury and is without basis. Here, Plaintiff was asked to state with particularity the factual basis for his claim for Municipal liability against the City, to which he responded:

> Both the SPD Chief and the City Manager had a custom of failing to train, supervise, or discipline officers of the SPD, and failing to ensure that all federal and state laws, as well as internal policies and procedures, were followed by all SPD officers. Sgt. Brennan stated in an email to Chief Mlynarik that Ofc. Bower would alter his report, after the case was closed, to "better address" evidence items the Chief described as "clear as mud in the report." Sgt. Brennan also admitted in a later email to Lt. Kant that he failed as a supervisor to properly review Ofc. Bower's report in this matter.

---

[229] *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986) (italics in original).
[230] (*Quintanilla v. City of Downey,* 84 F.3d 353, 356 (9th Cir. 1996); *Forrett v. Richardson,* 112 F.3d 416, 421 (9th Cir. 1997), *cert. denied,* 523 U.S. 1049 (1998), overruled on other grounds, *Chroma Lighting v. GTE Products Corp.*, 127 F.3d 1136 (9th Cir. 1997).

Sgt. Brennan admitted the report was lacking and missing information and that he should have done a better job as a supervisor and expected more from those he supervised. City Manager Queen was provided evidence of failure to follow policies, procedures and possibly the law. Yet after my meeting with her, and transmittal of emails proving these facts, she did not contact me. No documentation exists that she took any action to correct the situation. A complaint was made through the APSC and all evidence I provided was given to Lt. Kant. Lt. Kant had Sgt. Escott conduct an internal investigation, yet Sgt. Escott interviewed only Ofc. Bower and no witnesses who had firsthand facts. He chose not to interview Computer Renaissance, Ben Reaves or myself; all key witnesses. A statement was provided to Sgt. Escott from Ben Reaves stating that all claimed missing/lost information in fact existed on the SSI server which Trident bought and Ofc. Bower listed as evidence. A presentation was made to the City council including relevant emails as stated above. The only response from the city council was to claim the emails of Sgt Brennan, admitting that he and Ofc. Bower failed in my case, was to claim executive privilege of the incriminating emails. Sgt. Brennan, Sgt./Lt. Escott, Lt. Kant, Chief Meek, Chief Mylnarik as well as City Manager Queen and Bower have all had a duty to remediate and mitigate the damage done by Ofc. Bower but have failed to do so.[231]

First, Plaintiff has no evidence to support his *Monell* liability claim based on a failure to train. Failure to train may give rise to liability on the part of a municipality where the "training deficiency is so egregious that it 'amount[s] to deliberate indifference to the rights of persons with whom the police come into contact.'"[232] "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government

---

[231] **Ex. AD**, Plaintiff Martin Anderson's Responses to Defendants' First Set of Interrogatories, Requests for Production, and Request for Admission, at ROG No. 3.

[232] *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 49 of 55

/KB

A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100  FAX (907) 274-5111

policy for purposes of § 1983."[233] However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."[234] Thus, a municipality may be held liable based on a failure to train only where it "amount[s] to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'"[235] The Supreme Court has explained that this high threshold for establishing municipal liability is consistent with its holding in *Monell* because "permitting cases against cities for their 'failure to train' employees to go forward under § 1983 on a lesser standard of fault would result in de facto respondeat superior liability on municipalities" and would "engage the federal courts in an endless exercise of second-guessing municipal employee-training programs."[236]

Plaintiff's conclusory assertion regarding training of Officer Bower does not establish "deliberate indifference" sufficient to support his municipal liability claim based on an alleged failure to adequately train officers as a matter of law. He submits no evidence that the need for more or different training than Officer Bower received was "so obvious" and "so likely" to result in constitutional violations. And, the single instance of alleged violation is insufficient. As noted by Defendants' expert witness, who also evaluated the evidence presented, Plaintiff's claims, SPD practice and policies, and

---

[233] *Connick v. Thompson*, 563 U.S. 51, 61 (2011).
[234] *Id.*
[235] *Id.* (quoting *Harris*, 489 U.S. at 388 (1989)).
[236] *Harris*, 489 U.S. at 392.

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 50 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100 FAX (907) 274-5111

witness testimony and opined on same, determining there is no evidence at all to support Monell liability based on a theory of inadequate training.[237] Summary judgment should be granted in this regard.

In addition, when asked to describe particularity the official policy, practice or custom of the City he contends resulted in his constitutional injury, Plaintiff conclusively alleged 11 policies.[238] However, Plaintiff failed show a causal relationship with any specific policy or procedure and his alleged constitutional violation (First and Fourth Amendment). Plaintiff alleged inadequate supervision, but the facts he relies upon all relate to the current issue and he provides no evidence supporting an established policy – written or unwritten, formal or informal.[239] As Defendants' expert opined, none of the alleged policies identified any misconduct, illegality, or wrongdoing sufficient to impact a constitutional violation, or raise to the level of deliberate indifference.[240]

Likewise, Plaintiff fails to raise a genuine issue of material fact that SPD has exhibited deliberate indifference, as alleged, to searches without probable cause.[241] None of alleged cases provided have to do with intellectual theft, probable cause for a search warrant involving forensic evidence, nor are they even remotely close in time. Simply

---

[237] **Ex. AE**, Dave Sweeney, Expert Report Addendum at 46-49.
[238] **Ex. AD**, Plaintiff Martin Anderson's Responses to Defendants' First Set of Interrogatories, Requests for Production, and Request for Admission, at ROG No. 4.
[239] *Id.*
[240] **Ex. AE**, Dave Sweeney, Expert Report Addendum at 32-47; **Ex. AD** at Rog 5.
[241] **Ex. AE,** at 50-51; **Ex. AD** at Rog 6.

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 51 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

asserting lack of probable cause findings in just three instances (two occurring in 2004 per Plaintiff) over the course of 20 years is not a pattern or practice or policy sufficient for *Monell* liability under a deliberate indifference standard as a matter of law.[242] Notably, "'[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.'"[243] Plaintiff has failed to identify a custom or practice or demonstrate the custom or practice [was] "so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'"[244] As noted, the evidence not support Plaintiff's claim there is a pattern and practice or department customs to indicate deliberate misconduct or repeated violations of civil rights.[245]

Plaintiff cannot prevail on a *Monell* claim based on mere allegations. Rather, it is his burden to establish facts in discovery to demonstrate that a particular policy exists, and that the policy was the moving force behind the constitutional violation in question. Plaintiff has not met, and cannot meet, that burden in this case. Summary judgment should be granted.

---

[242] *Id.*
[243] *Navarro v. Block,* 72 F.3d 712, 714 (9th Cir. 1995), as amended on denial of reh'g (Jan. 12, 1996).
[244] *Elifritz v. Fender,* 460 F. Supp. 3d 1088, 1117 (D. Or. 2020) (quoting *Trevino v. Gates,* 899 F.3d 911, 919 (9th Cir.)).
[245] **Ex. AE**, Dave Sweeney, Expert Report Addendum at 52.

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

# V. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES AGAINST OFFICER BOWER SHOULD BE DISMISSED AS A MATTER OF LAW.

Punitive damages are only available if a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."[246] Plaintiff's inclusion of a claim for punitive damages against Officer Bower must be rejected, as there exists no evidence of he acted with an evil motive or intent, or a reckless or callous indifference to the constitutional rights of Plaintiff.

Plaintiff cannot prove that Officer Bower's actions meet this high level of culpability. Officer Bower was the officer who *investigated* the report of felony theft by a third party, which does not support inference that he held ill intentions toward Plaintiff. Plaintiff conclusory assertions and supposition that the acts and omissions of Officer Bower "were outrageous under the law, and undertaken with malice or a clear reckless indifference of the rights of others" for purpose of awarding punitive damages is specious. Plaintiff has absolutely no evidence that Officer Bower did anything other than act in a professional manner. Consequently, Plaintiff cannot seek punitive damages at trial.[247]

## CONCLUSION

---

[246] *Smith v. Wade*, 461 U.S. 30, 56 (1983); *Davis v. Mason County*, 927 F.2d 1473, 1485 (9th Cir.1991).

[247] Plaintiff is precluded from recovering punitive damages from the City. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981) (holding that "a municipality is immune from punitive damages under 42 U.S.C. § 1983").

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 53 of 55

/KB
A.33387

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

For the reasons set out above, Defendants' Motion for Summary Judgment should be granted in its entirety and Plaintiff's claims dismissed with prejudice.

DATED this 5th day of May 2025 at Anchorage, Alaska.

FARLEY & GRAVES, P. C.

By:___*s/Kendra E. Bowman*_____
    JIM C. WILKSON
    KENDRA E. BOWMAN
    FARLEY & GRAVES, P.C.
    807 G Street, Suite 250
    Anchorage, AK 99501
    Ph. (907) 274-5100
    Fax (907) 274-5111
    E-Mail: jwilkson@farleygraves.com;
    kbowman@farleygraves.com
    Alaska Bar No.: 0612112
    Alaska Bar No.: 0511109
    Attorneys for Defendant The City of
    Soldotna, David Bower

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT     Page 54 of 55     /KB
ANDERSON V. CITY OF SOLDOTNA ET AL     A.33387
CASE NO. 3:23-cv-000119 KFR

Farley & Graves, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

## **CERTIFICATE OF SERVICE**

Pursuant to Civil Rule 5, I hereby certify that on this 5th day of May 2025 a true and correct copy of the foregoing was served via CM/ECF electronically on the following person(s):

Kevin D. Koch, Esq.
35477 Spur Highway, Suite 204
Soldotna, AK 99669
Kevin.koch@acsalaska.net

Thad M. Guyer, Esq. *pro hac vice*
116 Mistletoe Street
Medford, OR 97501
tmguyer@tmguyer.com

Elisabeth R. Connell, Esq.
Senior Trial Counsel
Government Accountability Project
1612 K Street NW, #808
Washington, D.C.  20006
elizabethc@whistleblower.org


By:    *s/Karen Helton*
Karen Helton, Legal Assistant
khelton@farleygraves.com

MEMO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 55 of 55

/KB
A.33387