Thad M. Guyer
Thad M. Guyer (pro hac vice)
T.M. Guyer and Ayers & Friends, PC
116 Mistletoe Street
Medford, OR 97501
(206) 954-1293
thad@guyerayers.com/tmguyer@tmguyer.com

Attorney for Plaintiff, Martin Anderson

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

**MARTIN ANDERSON**,

    Plaintiff,

v.                                Case No. 3:23-cv-000119 KFR

**THE CITY OF SOLDOTNA**, a municipal corporation; and **DAVID BOWER**, an individual,

    Defendants.

_____

## **DECLARATION OF THAD M. GUYER, ESQ**

Pursuant to 28 USC 1746, I declare upon penalty of perjury that the exhibits listed below are true and correct copies of the original. I have personal knowledge of each of these exhibits.

| Exhibit 1 (C) | J. Swangel email to T. Brennan "Theft Case #SO21000745 Trident Engineering & Inspection," 4/26/21 - Initial police report documenting Trident's allegations against Anderson, filed after Anderson's whistleblower complaints. |
|---|---|
| Exhibit 2 (M) | Search Warrant No. 3KN-21-76SW - Authorizes search of Anderson's residence based on Trident's allegations of intellectual property theft, contains multiple factual inaccuracies. |

| | |
|---|---|
| Exhibit 3 (N) | Search Warrant No. 3KN-21-77SW - Authorizes search of Anderson's personal electronic devices, obtained without interviewing Anderson or investigating exculpatory evidence. |
| Exhibit 4 (W) | Search Warrant No. 3KN-21-82SW - Additional warrant issued during investigation, further extending search authority without proper factual basis. |
| Exhibit 5 (AB) | Criminal Case Intake and Disposition - Documents case conclusion with "Victim Declines to Prosecute" disposition after Trident abandoned allegations against Anderson. |
| Exhibit 6 (B) | SPD Incident Report - Officer Bower's official documentation of investigation, omitting key exculpatory information and Anderson's prior whistleblower activities. |
| Exhibit 7 (D) | T. Brennan email D. Bower "SO2100745," 4/27/2021 - Initial case assignment communication, transferring investigation from Officer Swangel to Officer Bower. |
| Exhibit 8 | Deposition Transcript of D. Bower (12:25-14:14; 14:25-15:7) - Officer Bower admits under oath to lack of specialized training in intellectual property or digital forensics. |
| Exhibit 9 | Letter from Andy Walker dated June 8, 2021 - Third-party communication providing additional context regarding Anderson's professional activities and dispute with Trident. |
| Exhibit 10 (F) | Computer Renaissance work order and notes - Documentation of September 2020 computer service, contradicting Trident's claim that Anderson cloned data in March 2021. |
| Exhibit 11 (H) | J. Hall email to D. Bower, "Theft of Property Complaint Information," 4/30/21 (with attachments) - Trident's formal allegations containing numerous factual misrepresentations. |
| Exhibit 12 (J) | J. Hall email to D. Bower "Fw: Statement of Martin's Laptops," 5/4/21 (with attachments) - Trident's continued communications with police, escalating allegations without substantiation. |
| Exhibit 13 (K) | J. Hall email to D. Bower "Theft of Property Complaint Information – Updated Information" - Contains inflated valuations of allegedly stolen intellectual property without supporting evidence. |
| Exhibit 14 (L) | Emails between D. Bower and R. Pack dated 5/13/21 (with attachments) - Communication showing Officer Bower's reliance on Trident's allegations without independent verification. |
| Exhibit 15 (O) | Affidavit of Megan Eileen Tolliver - Testimony regarding Officer Bower improperly disclosing search warrant information to coerce Anderson into surrendering his laptop. |

| | |
|---|---|
| Exhibit 16 (R) | D. Vanderzanden email to D. Bower, "Martin Anderson," 5/26/21 and SPD Fax Transmittal to D. Vanderzanden - Legal correspondence showing attorney involvement in early stages of investigation. |
| Exhibit 17 | AT&T Cell Phone Records reflecting call from Anderson to D. Bower 5/26/21 - Evidence of Anderson's attempt to communicate with Officer Bower prior to search warrant execution. |
| Exhibit 18 | Declaration of M. Anderson in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment - Anderson's initial sworn statement opposing defendants' motion. |
| Exhibit 19 (S) | E. Derleth email to D. Bower, "Martin Anderson-Search Warrant," 6/1/21 - Attorney communication regarding search warrant issues and offering Anderson's cooperation with investigation. |
| Exhibit 20 (T) | Email communications between E. Derleth and S. Leaders, "Martin Anderson-Motion to Suppress." - Legal communications regarding constitutional challenges to search warrants. |
| Exhibit 21 (Exhibit 8 0260) | E. Derleth email to D. Bower & S. Leaders "Martin Anderson" 6/7/21 - Further legal communications attempting to resolve investigation issues, indicating Anderson's willingness to cooperate. |
| Exhibit 22 | Deposition Transcript of J. Works (23:21-24:1, 44:9-14) - Prosecutor testimony regarding elements of intellectual property theft and dismissal of case against Anderson. |
| Exhibit 23 (Z) | E. Derleth email to S. Leaders and D. Bower, "Martin Anderson-Update," 6/16/21 - Legal communication addressing ongoing concerns with investigation and warrant execution. |
| Exhibit 24 | J. Works email to D. Bower, "Martin Anderson Case" 6/16/21 - Prosecutor communication indicating questions about case viability and evidentiary issues. |
| Exhibit 25 (AA) | Letter to E. Connell from C. Campion - Legal correspondence addressing improper investigative practices and constitutional violations in Anderson case. |
| Exhibit 26 (ANDERSON-0 00522-531) | Emails between C. Campion, S. Leaders, D. Bowers, and J. Works 7/8/21-10/29/21 - Extended communications showing case resolution process and acknowledgment of investigation flaws. |
| Exhibit 27 (ANDERSON-0 00487-488; COS 0921) | Emails between M. Anderson, S. Bower, and S. Bower and J. Works, 11/16/21 - Final case communications regarding property return and case disposition. |

| Exhibit 28 | Anderson APSC Complaint - Formal complaint to Alaska Police Standards Council regarding Officer Bower's misconduct and constitutional violations during investigation. |
|---|---|
| Exhibit 29 | Declaration of S. Escott - Sworn statement from investigator detailing procedural failures and policy violations in Soldotna Police Department's handling of Anderson case. |
| Exhibit 30 | Expert Report of Joseph W. Desmond - Professional analysis finding Officer Bower's investigation fell below professional standards and lacked probable cause for search warrants. |
| Exhibit 31 | David Sweeney, Expert Report (Addendum) - Additional expert analysis regarding proper police procedures in intellectual property investigations, highlighting investigation deficiencies. |
| Exhibit 32 | David P. Jude, Review of Opposing Expert's Reports - Rebuttal analysis of defense expert opinions, supporting claims of improper investigation and constitutional violations. |
| Exhibit 33 | Table: Anderson v. Soldotna – Defendant's Motion for Summary Judgment – Responses - Detailed response to each factual assertion in defendants' motion, highlighting disputed material facts. |
| Exhibit 34 | Declaration of Martin Anderson ATTACHED AND MARKED - Comprehensive sworn statement detailing employment history, Computer Renaissance services, OSHA/IC3 complaints, and Officer Bower's investigative failures. |

This declaration was executed outside the United States by the undersigned in Tay Ninh, Vietnam.

/s/ Thad M. Guyer

_____
Thad M. Guyer, Esq.
T M Guyer and Ayers & Friends, PC
For Government Accountability Project

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2025 a true and correct copy of the foregoing Declaration was served upon all parties by electronic ECF Service

/s/ Thad M. Guyer
_____