IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MARTIN ANDERSON, an individual,<br><br>                      Plaintiff<br><br>vs.<br><br>THE CITY OF SOLDOTNA, a municipal corporation; and DAVID BOWER, an individual,<br><br>                      Defendants | Case No. 3:23-cv-000119 KFR |

## PLAINTIFF MARTIN ANDERSON'S RESPONSES TO DEFENDANTS THE CITY OF SOLDOTNA AND DAVID BOWER'S FIRST SET OF DISCOVERY REQUESTS

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, Plaintiff, Martin Anderson, by his undersigned counsel, submits his objections and answers to Defendants the City of Soldotna and David Bower's First Set of Discovery Requests.

## GENERAL OBJECTIONS

Plaintiff objects to the Requests to the extent they are vague, ambiguous, overbroad, or unduly burdensome, or seek to impose burdens on Plaintiff beyond those called for or permitted by the Federal Rules of Civil Procedure (FRCP) or the Local Rules of the United States District Court for the District of Alaska (Local Rules). Plaintiff responds below as provided by the FRCP and the Local Rules, namely that he has undertaken reasonable efforts to identify information responsive to the Requests. Plaintiff responds to the Requests based on information currently known and available to him, and expressly reserves his rights to supplement, amend, and correct his responses should the need arise. Further, Plaintiff interposes the following additional general objections to the Requests (General Objections).

1

Case 3:23-cv-00119-KFR   Document 46-3   Filed 05/06/25   Page 1 of 15
PLAINTIFF MARTIN ANDERSON'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSION

A. Plaintiff objects to the Requests to the extent they seek the production of work-product, trial preparation materials, or communications protected by the attorney-client privilege, the common interest privilege, the spousal communication privilege, or any other applicable privilege.

B. Plaintiff responds to the Requests subject to, without intending to waive, and expressly preserving any and all objections as to competency, relevancy, materiality, existence and admissibility of any of the documents and information sought by Defendants.

C. Plaintiff objects to the Requests to the extent they seek the disclosure of confidential, proprietary, or privacy information.

D. Plaintiff objects to the Requests to the extent they seek the production of information already in the possession, custody or control of Defendants, or information that is readily accessible from publicly available sources.

E. Plaintiff objects to the Requests as overbroad and unduly burdensome to the extent that they are unbounded by a reasonable time period.

F. Plaintiff objects to these Requests as unduly burdensome, overbroad, and inherently improper in that they seek an identification of "all facts," "all witnesses," "all evidence," or "all documents" concerning an issue. Nationwide, courts have recognized that such requests are improper and exceed the scope of permissible discovery under Rule 33. *See, e.g., Community Voice Line, LLC v. Great Lakes Communication Corp.*, 2013 WL 4048495 (N.D. Iowa Aug. 1, 2013) ("So-called 'blockbuster' or 'contention' interrogatories (i.e., those that demand disclosure of each and every fact supporting a claim or defense) are disfavored"); *Am. Needle, Inc. v. New Orleans*, 2012 WL 4327395 (N.D. Ill. Aug. 17, 2012) ("the Court limits these interrogatories to the material or principal efficiencies, rather than requiring NFL Defendants to identify 'each and every

efficiency' that would have been negatively affected and 'each and every efficiency' deriving from the Reebok Agreement"); *Clean Earth Remediation and Const. Servs., Inc. v. Am. Int'l,* 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("[t]o the extent [the contention interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome").

    G.    Plaintiff objects to the Instructions to the extent they seek to impose burdens on the Plaintiff that are different than, inconsistent with, or exceed those imposed by the FRCP and the Local Rules. Plaintiff responds to the Requests to the extent that they are consistent with the Plaintiff's rights and obligations under the Rules.

    H.    Plaintiff objects to the Definitions to the extent they (i) seek to impose burdens on Plaintiff that are different than, inconsistent with, or exceed those imposed by the FRCP and the Local Rules; (ii) are vague or ambiguous; or (iii) render the Requests overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of relevant, admissible evidence. Plaintiff further objects to the Requests to the extent they use inexact terms that are not defined by Defendants.

    I.    Under Federal Rule of Evidence 502, Rule 26(b)(5)(B), and other related sources of law, Plaintiff reserves any and all rights to seek the return, sequestration or destruction of any and all privileged documents or information he inadvertently produces in response to the Requests.

    J.    A response to a Request does not constitute a waiver of any privilege, protection, or immunity.

1       K.     To the extent Plaintiff agrees to produce, or produces, any documents in response to any particular Request, such agreement or production does not suggest that Plaintiff agrees with any characterizations or implications of that Request.

      L.     Plaintiff's objections are based on information now known to Plaintiff and his attorneys, and are made without prejudice to Plaintiff's right to assert additional objections should grounds be discovered at a later time.

      M.     When Plaintiff responds that he will produce documents in response to a Request, he will produce such documents to the extent that they exist and can be reasonably obtained. By stating that he will produce documents, Plaintiff does not represent that any such documents or things in fact exist, or that they are within his possession, custody or control.

      N.     These General Objections apply to each Request and, thus, for convenience, are not necessarily repeated in response to each Request, but rather are set forth here and incorporated into each response. The assertion of the same, similar, or additional objections or the provision of partial responses to individual Requests does not and should not be construed to waive or modify any of the General Objections to each Request.

      O.     Plaintiff reserves the right to amend or supplement these responses in accordance with Federal Rule of Civil Procedure 26(e).

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1**: Describe with particularity the factual basis for your First Claim for Relief pursuant to 42 USC § 1983, U.S. Constitution, Amt. IV- Illegal Search and Seizure against Officer Bower, as set forth in your Complaint at paragraphs 41-48.

**RESPONSE NO. 1:** Subject to and without waiving the General Objections set forth above, Plaintiff responds as follows:

Officer Bower knowingly and intentionally, or with reckless disregard for the truth, provided false information and withheld exculpatory evidence in both of his affidavits applying for the search warrants of my home and place of business that were issued by Judge M. Fallon on May 19, 2021, and in his official report to the Kenai District Attorney's office. Officer Bower submitted information in his affidavits attached to the warrant applications that was factually impossible. Officer Bower failed to follow SPD policies and procedures and lacked appropriate supervision in conducting his investigation of Trident's retaliatory complaint against me. If the false information was removed from the search warrant applications and the exculpatory evidence included, no probable cause existed for the issuance or execution of these warrants. Officer Bower involved himself in a civil dispute and crafted it into a criminal event. Officer Bower and at least three other SPD officers arrived at my place of work and presented both search warrants to Megan Tolliver at the Precision NDT LLC office, searched my desk and removed items before returning them. Officer Bower never documented this search in his official report to the Kenai District Attorney's office.

Plaintiff reserves the right to supplement this response as additional evidence becomes available.

**INTERROGATORY NO. 2**: Describe with particularity the factual basis for your Second Claim for Relief pursuant to 42 USC § 1983 Amt. I- Retaliatory Search against Officer Bower, as set forth in your Complaint at paragraphs 49-53.

**RESPONSE NO. 2:** Subject to and without waiving the General Objections set forth above, Plaintiff responds as follows:

Officer Bower had the responsibility to question Trident and its management as to if any existing complaints existed against them or any current civil legal events were in progress or if I had

any current or pending actions against them. This would have been normal investigative procedures to establish whether any motive existed for the complaint by Trident. Yet Officer Bower accepted all information from Trident as fact. Even when provided information from Trident, admitting they had in there possession information they claimed lost and stolen (May 6th document attachment to Bower report). Officer Bower received a voicemail from me on May 26th, 2021 detailing my complaints to federal OSHA and IC3 yet he took no action to investigate, return my call or include this in his report to the DA the following week. Officer Bower admits in his deposition that his first thought was this was a civil matter but states after speaking to the Kenai DA, he was to treat it as any other crime. On June 1, 2021 Officer Bower was made known in writing (by a motion to suppress search warrant emailed to him) that I had filed the IC3 and OSHA complaints weeks before Trident filed the complaint against me with the SPD. This would have been the second notice of those facts (the first notice being the voicemail I left on his cell phone on May 26, 2021) yet neither time did Officer Bower add this information or update his report to include this information as required in SPD procedures. Officer Bower also admitted in his deposition that he had received exculpatory evidence prior to filing for the search warrants but failed to include this evidence.

Plaintiff reserves the right to supplement this response as additional evidence becomes available.

**INTERROGATORY NO. 3:** Describe with particularity the factual basis for your Third Claim for Relief pursuant to 42 USC § 1983, U.S. Constitution-Municipal Liability against the City, as set forth in your Complaint at paragraphs 54-61.

**RESPONSE NO. 3:** Subject to and without waiving the General Objections set forth above, Plaintiff responds as follows:

Both the SPD Chief and the City Manager had a custom of failing to train, supervise, or discipline officers of the SPD, and failing to ensure that all federal and state laws, as well as internal

policies and procedures, were followed by all SPD officers. Sgt. Brennan stated in an email to Chief Mylnarik that Ofc. Bower would alter his report, after the case was closed, to "better address" evidence items the Chief described as "clear as mud in the report." Sgt. Brennan also admitted in a later email to Lt. Kant that he failed as a supervisor to properly review Ofc. Bower's report in this matter. Sgt. Brennan admitted the report was lacking and missing information and that he should have done a better job as a supervisor and expected more from those he supervised. City Manager Queen was provided evidence of failure to follow policies, procedures and possibly the law. Yet after my meeting with her, and transmittal of emails proving these facts, she did not contact me. No documentation exists that she took any action to correct the situation. A complaint was made through the APSC and all evidence I provided was given to Lt. Kant. Lt. Kant had Sgt. Escott conduct an internal investigation, yet Sgt. Escott interviewed only Ofc. Bower and no witnesses who had firsthand facts. He chose not to interview Computer Renaissance, Ben Reaves or myself; all key witnesses. A statement was provided to Sgt. Escott from Ben Reaves stating that all claimed missing /lost information in fact existed on the SSI server which Trident bought and Ofc. Bower listed as evidence. A presentation was made to the City council including relevant emails as stated above. The only response from the city council was to claim the emails of Sgt Brennan, admitting that he and Ofc. Bower failed in my case, was to claim executive privilege of the incriminating emails. Sgt. Brennan, Sgt./Lt. Escott, Lt. Kant, Chief Meek, Chief Mylnarik as well as City Manager Queen and Bower have all had a duty to remediate and mitigate the damage done by Ofc. Bower but have failed to do so.

Plaintiff reserves the right to supplement this response as additional evidence becomes available.

**INTERROGATORY NO. 4:** Describe with particularity the official policy, or practice or custom of the City that you contend directly resulted in your constitutional injury.

**RESPONSE NO. 4**: Subject to and without waiving the General Objections set forth above, Plaintiff responds as follows:

The following official policies, practices, customs, and procedures of the City and the Soldotna Police Department (SPD) have directly resulted in my constitutional injuries:

1. Engaging the SPD/City in civil matters through criminal investigations and search warrants.
2. Inadequate supervision of officers, sergeants, and lieutenants.
3. Lack of adherence to established written policies by City officials, particularly in administrative investigations.
4. The suppression of exculpatory evidence.
5. Permitting false statements regarding citizens to be included in official SPD documents.
6. Failing to rectify false statements or incorporate exculpatory evidence when aware of them.
7. Non-compliance with approved reporting procedures.
8. Insufficient knowledge by the City Manager regarding SPD policies and procedures, leading to inadequate oversight of the SPD.
9. Non-adherence to law enforcement best practices, SPD's own accreditation standards, and the state oath taken by officers.
10. Evasion of accountability and suppression of SPD misconduct and illegal activities under the guise of authority.
11. Engaging in, and ratifying conduct by SPD officers that gives the appearance of violating such laws including:
    a. AS 11.56.610 - Tampering with Public Records
    b. AS 11.56.800 - False Information or Report

8

Case 3:23-cv-00112-JMK   Document 46-3   Filed 05/06/25   Page 8 of 15
COPELAND v. MUELLER, ANDERSON: PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSION

  c. AS 11.56.850 - Official Misconduct

  d. AS 11.56.200 - Perjury (if false statements were made under oath)

  e. 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law

  f. 18 U.S.C. § 1001 - False Statements

  g. 18 U.S.C. § 1519 - Destruction, Alteration, or Falsification of Records in Federal Investigations

  h. 8 U.S.C. § 1621 - Perjury (if false statements were made under oath)

Plaintiff reserves the right to supplement this response as additional evidence becomes available.

**INTERROGATORY NO. 5**: Describe with particularity the inadequacies in police training provided by the City that you contend directly resulted in your constitutional injury.

**RESPONSE NO. 5**: Subject to and without waiving the General Objections set forth above, Plaintiff responds as follows:

1. Ofc. Bower did not have, and admitted in his deposition that he had neither the understanding of Non-destructive testing, mechanical inspection or computer forensics to the level needed to determine a crime was committed (probable cause). Ofc. Bower should have used AST or other SME to determine probable cause.

2. The SPD, failed to follow several of their own policies and procedures, this would be due to a lack of training/auditing or willfully ignoring them.

3. Sgt. Brennan admitted he accepted report(s) from Ofc. Bower that, "should have never been approved". This shows either a lack of training on the part of Bower and Brennan or a reckless disregard for established policies and procedures.

4. Lt. (Sgt.) Escott did not follow the procedures for Administrate investigations (AI). He either lacked training in the procedures or he willfully and recklessly ignored the established procedures.

5. Ofc. Bower emailed all the evidence sent to him by Sgt. Escott (from the APSC), from his SPD email account to his wife's personnel email account (Samantha Bower-SPD Clerk). Though this was administrative investigation, Ofc. Bower sent the evidence against him to external personal email. This would be a violation of official email policies as well as an AI. No evidence was provided that corrective action was taken for this violation, evidence of lack of training or willful failure to comply.

6. Ofc. Bower received confidential documents from his wife and SPD police clerk Samantha Bower, sent from Paul Flaherty to the city attorney and police Chief. No evidence shows S. Bower had the authority or permission to share confidential documents with her husband/Ofc. Bower. S. Bower communicates how she is worried about this case and suggests Ofc. Bower seek legal assistance from the Police Union. This would indicate a lack of training or willful violation.

Plaintiff reserves the right to supplement this response as additional evidence becomes available.

**INTERROGATORY NO. 6**: Describe with particularity the factual basis for your assertion in paragraph 59 of your Complaint that, "The Fourth Amendment violations described above are not isolated incidents in Soldotna. The City of Soldotna has exhibited deliberate indifference to SPD's use of searches without probable cause, and that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case and in others."

**RESPONSE NO. 6**: Subject to and without waiving the General Objections set forth above, Plaintiff responds as follows:

1) In 2004, SPD Officers D. Kant and G. Stoneking arrested an individual without probable cause. The Alaska Court of Appeals overturned the conviction, citing SPD's failure to adhere to constitutional standards during the incident. This case underscores SPD's

historical inability to train and supervise officers to protect Fourth Amendment rights (Tuttle v. State, Alaska Court of Appeals, 2004).

2) In an unrelated case also in 2004, Officer Jezel Stoneking falsified evidence and lied during an administrative investigation after administering a Preliminary Breath Test (PBT) to . The investigation revealed that Stoneking had falsified test results, leading to her termination and revocation of her police certification by the Alaska Police Standards Council. This incident reflects SPD's failure to enforce integrity and accountability within its ranks (Department of Public Safety Alaska, APSC Records, 2005).

3) Officer Victor Dillon was involved in multiple incidents of misconduct, including excessive force and arrests without probable cause. In one instance, Dillon arrested a citizen without justification and failed to pursue charges. Despite receiving at least three disciplinary actions, Dillon was rehired after termination, exemplifying SPD's tolerance for repeated violations (SPD Disciplinary Records and Reinstatement Documents, 2007-2014).

Plaintiff reserves the right to supplement this response as additional evidence becomes available.

**INTERROGATORY NO. 7**: Describe with particularity the factual basis for your claim in paragraph 40 of your Complaint that Officer Bower's "acts and omissions" were "outrageous under the law, and undertaken with malice or a clear reckless indifference to the rights of others."

**RESPONSE NO. 7**: Subject to and without waiving the General Objections set forth above, Plaintiff responds as follows:

Ofc. Bower's decision to pursue a civil disagreement as criminal and failure to investigate exculpatory evidence or include such evidence in his affidavits applying for search warrants for my home and place of business or in his report to the Kenai DA was malicious or recklessly indifferent

to my constitutional rights. He compounded the situation by not following procedures and SPD policies or requesting assistance where he was deficient in experience or training. He willingly and knowingly withheld exculpatory evidence and provided false evidence in his search warrant affidavits and report to the Kenai DA. This was reckless. Ofc. Bower failed to consider or report evidence that was contradictory to the complaint or interview any of the SSI-Trident employees or other witnesses, such as Ben Reaves and Mike Gossman, who were responsible for all computer documents, software and systems and could have easily shown that the complaint by Trident had no credibility. Ofc. Bower interviewed no one at SSI or Trident other than the two complainants.

Plaintiff reserves the right to supplement this response as additional evidence becomes available.

**INTERROGATORY NO. 8**: Please itemize all damages claimed as a consequence of the allegations in your Complaint, including a computation of each category of damages. This request is made pursuant to Federal Civil Rule 26(a)(1)(A)(III), "provide to the other parties . . . a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . ."

**RESPONSE NO. 8:** Subject to and without waiving the General Objections set forth above, Plaintiff responds as follows:

1) **Attorney Fees to Defend Against False Accusations**

Plaintiff incurred $110,000.00 in attorney fees to defend against false accusations stemming from Officer Bower's unlawful actions. These fees encompass pre-litigation defense costs, addressing search warrant issues, and representation in related hearings. Supporting evidence includes Attorney

| | |
|---|---|
| 1 | **REQUEST FOR ADMISSION NO. 3:** Admit on June 1, 2021, you delivered Dell Latitude E5440 (Serial Number 7JB5L32) that is the subject of search warrants 3KN-21-76-and 3KN-21-77 to SPD. |
| 4 | **RESPONSE NO. 3:** Admit I was compelled to surrender the laptop to the SPD to avoid any further attempts by the SPD to execute either of the search warrants 3KN-21-76-and 3KN-21-77 at my home or place of business. |
| 7 | **REQUEST FOR ADMISSION NO. 4:** Admit criminal charges were not filed against you as a result of Trident's allegations of theft. |
| 9 | **RESPONSE NO. 4**: Admitted. |

DATED this 3rd day of March, 2025 at Washington, DC.

/s/ Thad M. Guyer
_____
Thad M. Guyer (pro hac vice)
T.M. Guyer and Ayers & Friends, PC
116 Mistletoe Street
Medford, OR 97501
(206) 954-1293
thad@guyerayers.com /
tmguyer@tmguyer.com

/s/ Elisabeth R. Connell
_____
Elisabeth R. Connell (pro hac vice)
Government Accountability Project
1612 K St. NW, Suite 808
Washington, DC 20006
(202) 449-6040
Elisabethc@whistleblower.org

# CERTIFICATE OF SERVICE

Pursuant to Civil Rule 5, I hereby certify that on this 3rd day of March, 2025 a true and correct copy of the foregoing was served via e-mail on the following persons:

**Kendra Bowman**
Farley & Graves, P.C.
807 G Street, Suite 250
Anchorage, AK 99501
907-274-5100
kbowman@farleygraves.com

**Jimmie C. Wilkson**
Farley & Graves, P.C.
807 G Street, Suite 250
Anchorage, AK 99501
907-274-5100
907-274-5111 (fax)
jwilkson@farleygraves.com

/s/ Elisabeth R. Connell

# VERIFICATION

STATE OF ALASKA )
                        ) ss.
THIRD JUDICIAL DISTRICT )

I, Martin Anderson, do hereby verify that I have read the foregoing answers to interrogatories and requests for admissions, and that they are true and correct to the best of my knowledge, based on the information available to me.

_/s/ Martin Anderson_
MARTIN ANDERSON

SUBSCRIBED AND SWORN TO before me this 21 day of Feb, 2025.

_/s/_
Notary Public for Alaska
My Commission expires: August 7th 2027

STATE OF ALASKA
NOTARY PUBLIC
Leinati Luafulu
My Commission Expires: 08/07/27

---
37
PLAINTIFF MARTIN ANDERSON'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUEST FOR ADMISSION