IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT Kenai

**SEARCH WARRANT**
NO. 3KN-21-76 SW

Relates to case number(s):
_____
_____

TO: Any Peace Officer

Having received information under oath:

given ☐ in person ☐ by telephone ☐ by original affidavit ☐ by faxed affidavit ☒ by email

I find probable cause to believe that

☒ on the person of Martin T. Anderson
☒ on the premises known as
36696 Kimball Court, Sterling AK outbuildings and any vehicle owned by Martin T. Anderson
_____ at Soldotna, AK
(city and state)

there is now being concealed property, namely:
Dell Latitude E5440 serial #7JB5L32 and a black Orico external hard drive.

Page 1 of 4
CR-705 (7/20)(cs)
SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

COS 0825

SEARCH WARRANT NO. 3KN-21-76 SW

and that such property (see AS 12.35.020)
- [ ] 1. is evidence of the particular crime(s) of _____.
- [ ] 2. tends to show that _____ committed the particular crime(s) of _____.
- [ ] 3. is stolen or embezzled property.
- [ ] 4. was used as a means of committing a crime.
- [ ] 5. is in the possession of a person who intends to use it as a means of committing a crime.
- [ ] 6. is one of the above types of property and is in the possession of _____, to whom _____ delivered it to conceal it.
- [ ] 7. is evidence of health and safety violations.

YOU ARE HEREBY COMMANDED to search the person or premises named for the property specified, serving this warrant, and if the property be found there, to seize it, leaving a copy of this warrant, and all supporting affidavits, and a receipt of property taken. You shall also prepare a written inventory of any property seized as a result of the search pursuant to or in conjunction with the warrant. You shall make the inventory in the presence of the applicant for the warrant and the person from whose possession or premises the property is taken, if they are present, or in the presence of at least one credible person other than the warrant applicant or person from whose possession or premises said property is taken. You shall sign the inventory and return it and the warrant within 30 days after this date to this court as required by law.

YOU SHALL SERVE THIS WARRANT:
- [x] between the hours of 7:00 a.m. and 10:00 p.m.
- [ ] between the hours of _____ ☐ a.m. ☐ p.m. and _____ ☐ a.m. ☐ p.m.
- [ ] at any time of the day or night.

YOU SHALL MAKE THE SEARCH:
- [ ] immediately.
- [ ] within _____ ☐ days ☐ hours.
- [x] within 30 days.
- [ ] contingent upon the happening of the events expected to occur as set forth in the supporting testimony, specifically:

Page 2 of 4
CR-706 (7/20)(cs)
SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

COS 0826

Case 3:23-cv-00119-KFR   Document 46-14   Filed 06/20/25   Page 2 of 8
EXHIBIT 2 (M)
Page 2 of 8

NOTICE OF THIS WARRANT SHALL BE GIVEN:

- [X] Immediately upon seizure of the property.
- [ ] within a reasonable period, not to exceed 90 days from this date. I find compelling reasons to postpone delivery of this notice beyond the time set in Criminal Rule 37(b).[1]
- [ ] within _____ days, which I have determined to be a reasonable time in this case. I find compelling reasons to postpone delivery of this notice beyond the time set in Criminal Rule 37(b).[1]

If you cannot deliver the notice within this time limit, you must apply to the court for an extension of the time limit. Your sworn application must show good cause for the extension.

5/19/21
Date

_____
Judge/Magistrate Judge

_____ [ ] a.m. [X] p.m.
Time Issued

M. FULLON
Type or Print Name

---

**TELEPHONIC SEARCH WARRANTS.** If this search warrant was issued by telephone, the judicial officer named above has orally authorized the applicant for this warrant to sign the judicial officer's name. AS 12.35.015(d).

Time Warrant Served: _____

---

[1] *Jones v. State*, 646 P.2d 243, 249 (Alaska App. 1982). Reasons for postponement include, but are not limited to: avoiding jeopardizing a confidential informant's safety, avoiding impairing the informant's investigative efforts in other cases, and allowing time for follow-up investigations in this case.

Page 3 of 4
CR-706 (7/20)(cs)
SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

COS 0827

Case 3:23-cv-00119-KFR   Document 46-14   Filed 06/20/25   Page 3 of 8
EXHIBIT 2 (M)
Page 3 of 8

SEARCH WARRANT NO. 3KN-21-76 SW

RECEIPT AND INVENTORY OF PROPERTY SEIZED

UNSERVED

RETURN

I received the attached search warrant on __5-19__, 20_21_, and have executed it as follows:

On _____, 20___, at ___ a.m./p.m., I searched ☐ the person ☐ the premises described in the warrant, and I left a copy of the warrant ☐ with ☐ at s_____.
(person warrant was left with or place warrant was left)

The above inventory of property taken pursuant to the warrant was made in the presence of: _____ and of _____.

I swear that this inventory is a true and detailed account of all property taken by me on the authority of this warrant.

DAVID BOWER PATROLMAN
Name and Title          Signature

Signed and sworn to before me on __June 1__, 20_21_.

[OFFICIAL SEAL — Samantha Bower, Notary Public - State of Alaska]

Judge/Magistrate Judge/Notary Public

Samantha Bower
Type or Print Name

Page 4 of 4
CR-706 (7/20)(cs)
SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

COS 0828

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT <u>Kenai</u>

Search Warrant No. <u>3KN-21-76</u> SW

Affiant -- List all related court case numbers, if any: _____

## AFFIDAVIT FOR SEARCH WARRANT

NOTE: Before completing this affidavit, read the following points which should be addressed in your statement of the facts. A search warrant may not be issued until probable cause for the search has been shown. You should explain:

1. Who was observed (give names or other identifying information).
2. When did the observations take place (date, time, and sequence of events).
3. Who made the observations.
4. Why were the observations made. If, for example, the information came from an informant, the informant's reasons for making the observations should be specified, and reasons for relying on the informant's information should be set out.
5. What was observed. Include a full description of events relevant to establish probable cause.
6. Where did the observations take place. Describe the location of the observers and the persons or objects observed. The description must be as specific as the circumstances will allow.
7. How were the observations made. For example, was an informant used, was there an undercover officer, was electronic surveillance involved, etc.
8. All other relevant information.

Being duly sworn, I state that I have reason to believe that:
☒ on the person <u>of Martin T. Anderson</u>
☐ on the premises known as <u>36696 Kimball Court, Sterling AK</u>
    at <u>Soldotna</u>, Alaska,
there is now being concealed property, namely:
<u>Dell Latitude E5440 serial #7JB5L32 and a black Orico external hard drive.</u>

This concealed property *(see AS 12.35.020)*
Page 1 of 4
CR-705wt (7/20)(cs)
AFFIDAVIT FOR SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

COS 0829

EXHIBIT 2 (M)
Page 5 of 8

☒ is evidence of the particular crime(s) of Theft I A.S. 11.46.100 (a)

☒ tends to show that Martin Anderson committed the particular crime(s) of Theft I A.S. 11.46.100 (a)

☒ is stolen or embezzled property,
☐ was used as a means of committing a crime,
☐ in the possession of a person who intends to use it as a means of committing a crime,
☐ is one of the above types of property and is in the possession of

to whom
delivered it to conceal it,
☐ is evidence of health and safety violations,

## PRELIMINARY MATTERS

That your affiant, David M. Bower am a police officer with the Soldotna Police Department, currently assigned to patrol. Part of my patrol duties is to investigate criminal activities. I have been a Soldotna Police Officer since March 2004, and was a police officer with the Libby Police Department in Montana from October 1998 to February 2004. I have made numerous investigations of criminal activity which have resulted in arrests, as well as the application for and execution of numerous search warrants. I graduated from the Montana State Law Enforcement Academy and also attended the Alaska certification academy in Sitka. I currently possess an advanced certificate as a police officer issued by the Alaska Police Standards Council. I am currently a field training officer, and I have received specialized training for forensic analysis of digital media, to include computer hard drives and cellular phones.

The facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:

On 04-26-21 at 1330 hours, Trident Engineering & Inspection Vice President, Russell Pack, stopped by the department to report an intellectual theft by former employee, Martin Anderson, to Officer Swangel. Pack reported Anderson took a company owned computer to Computer Renaissance, located in Soldotna, and had the company information transferred to his personal computer before returning the company computer that had been wiped clean.

On 04-27-21 Officer Bower took over the investigation and contacted staff at Computer Renaissance. Officer Bower was provided the work order and notes for Martin Anderson which was initiated on 09-05-21 at 1237 hours. Computer Renaissance transferred the hard drive from a Dell Latitude E5470 onto an Orico external hard drive. On 03-22-21 Anderson brought in a silver Dell Latitude E5440 and requested a clone copy be put on the E5440 and requested the process to be expedited. Anderson later picked up both laptops and external hard drive.

On 04-28-21 at 1103 hours, Officer Bower contacted Russell Pack and requested an estimate of the value of the lost data and to provide computer logs from their I.T. department.

On 04-30-21 at 1204 hours, Trident Engineering & Inspection President James Hall contacted Officer Bower and provided him with a Final Purchase & Sale Agreement, which was documentation that showed Trident Engineering & Inspection had purchased the company from Southern Services, Inc. on 01-22-21 for $280,000, which included the following:

Page 2 of 4
CR-705wt (7/20)(cs)
AFFIDAVIT FOR SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

COS 0830

EXHIBIT 2 (M)
Case 3:23-cv-00119-KFR    Document 46-14    Filed 06/20/25    Page 6 of 8
Page 6 of 8

a. the equipment and other tangible assets;
b. all client lists and associated client data of the Business;
c. Lease of office space in Soldotna, Alaska from date of execution of Purchase.
d. trade names used in connection with the Business, including "Alaska Technical Training" and "Alaska Technical"; and
e. The goodwill of the Business.

On 05-03-21 James Hall contacted Officer Bower and advised Anderson had set up an office for a competitor in the area, Precision NDT.

On 05-04-21, James Hall provided Officer Bower with documentation from the business I.T. department which used Trident software to link the business laptops to the company server. The the server every time it is The logs showed the company lap top, Dell Latitude E5470 serial #F5XPGC2, last connected to their server on 03-26-21 at 0814 hours. Anderson turned in the company computer on 03-25-21, which had a new Windows 10 installed on it and did not have any of the company files. The logs further showed that after the computer was turned in, on 3-29-21 at 1111 hours, a new computer connected to their server, a Dell Latitude #5440 serial #7JB5L32. This was made possible due to the cloned drive transferring the Trident software to the new computer.

On 05-06-21 James Hall provided Officer Bower with a list detailing the data that was taken and the reported value, which totaled $31,290. Officer Bower researched Precision NDT and learned it was established in Alaska on 04-27-21 with an address of 47801 Funny River Road, Soldotna, AK and Martin Anderson was listed as the agent.

Page 3 of 4
CR-705wt (7/20)(cs)
AFFIDAVIT FOR SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

COS 0831

Case 3:23-cv-00119-KFR    Document 46-14    Filed 06/20/25    Page 7 of 8

EXHIBIT 2 (M)
Page 7 of 8

In addition, I believe there are compelling reasons for postponing service of notice of the search warrant. Postponing service of the notice of the search warrant may:
- ☐ avoid jeopardizing a confidential informant's safety.
- ☐ avoid impairing the informant's investigative efforts in other cases.
- ☐ allow time for follow-up investigations in this case.
- ☐ _____

_PATROLMAN_
Title

_[signature]_
Signature

Subscribed and sworn to or affirmed before me on __May 18__, 20_21_, at __Soldotna__, Alaska.

(SEAL) OFFICIAL SEAL
Samantha Bower
Notary Public - State of Alaska

_[signature]_
Clerk of Court, Notary Public, or other person authorized to administer oaths.
My commission expires: _10-17-24_

_Samantha Bower_
Print Name

☐ Additional testimony relating to this affidavit was recorded on Media # _____,
sealed code: _____, beginning log # _____, ending log # _____.

Page 4 of 4
CR-705wt (7/20)(cs)
AFFIDAVIT FOR SEARCH WARRANT

AS 12.35.010-.120
Crim. R. 37

COS 0832