# Affidavit of Megan Eileen Tolliver

STATE OF COLORADO

LARIMER COUNTY

**BEFORE ME**, the undersigned Notary Public, personally appeared Megan Eileen Tolliver who makes the following statement and affidavit upon oath and affirmation of belief and personal knowledge that the following matters, facts, and things set forth are true and correct to the best of his or her knowledge:

I, Megan Eileen Tolliver, being of sound mind and body, swear and confirm as follows:

1. I was born on the 30th day of December of the 1992 year, in McCall, Idaho.

2. I Currently reside at 2924 Indigo Circle North, Fort Collins, Colorado, 80528.
3. I am over the age of 18.

4. On Tuesday the 25th of May of the year 2021, Officer David Bower of the Soldotna Police department executed a search warrant against Martin Anderson. Listed below are the facts of the event.

5. At the time of the event, I was employed by Precision NDT as a level two technician as well as their admin. The event took place at the Precision office located at 47801 Funny River Rd. (unit 6) Soldotna, AK 99669.

6. I was in the office with the hanger door open observing the airfield while taking a break. At approximately 12:30pm AKST, three to four cop cars made their way down the air strip.

7. The cop cars pulled in front of the office and an estimated three to four officers exited their vehicles and made their way to the threshold of the hanger.

8. I asked how I could help them, and an officer, who later identified himself as David Bower, asked if Martin Anderson was present.

9. I informed Officer Bower that Martin Anderson was currently out of state on business. Officer Bower then informed me that they had a search warrant for a laptop in Martin Andersons Possession.

10. I then enquired if this had to do with Trident NDT Services, LLC.

ANDERSON-000134

Case 3:23-cv-00119-KFR    Document 46-27    Filed 06/20/25    Page 1 of 6    EXHIBIT 15 (O)
Page 1 of 6

11. Officer Bower confirmed that it did have to do with Trident NDT Services, LLC. I asked to see the warrant, at which point Officer Bower showed me the front of the warrant. I recall seeing the beginning of our office address, 47801 Funny River Rd. before I became overwhelmed and asked Officer Bower if I could contact Martin Anderson about the situation. He agreed.

12. As officer Bower and I entered the office, a few officers walked around the open bay of the hanger.

13. I attempted to call Martin Anderson, but he was unavailable. I then sent a text at 12:46pm AKST informing him that he needed to contact me ASAP because there were officers with a warrant for his laptop.

14. I continued to reach out to other individuals that I believed might be able to have success in contacting Martin, including his wife, Dee Dee Anderson, and Trent Loney, Martins supervisor at the time.

15. During my calls, another officer entered and began to look around the office. He walked over to Martin Andersons desk and began searching through it.

16. This officer did not identify himself, and I did not ask for his name. Said officer opened one of the drawers in Martins desk and then the lower cabinet. He pulled a black laptop from the cabinet and enquired if this could be the laptop in question.

17. I informed him that I knew it was not the laptop in question because it had been the laptop issued to Martin Anderson by Precision NDT. Precision NDT issues all new higher-ups and admin employee's laptops upon hire. Martin Anderson Had showed me this laptop when I began working for Precision.

18. The officer returned the laptop to the cabinet and opened the remaining drawer and cabinet and then left the office.

19. After several minutes of attempting to contact Martin Anderson, I informed officer Bower that I could not reach him. At which point officer Bower informed me that they also had a warrant to search Martin Andersons home. Officer Bower asked me if I thought the laptop could be there. I informed officer Bower that I believed the laptop to be on Martin Andersons person out of state.

20. Officer Bower stated he would extend the curtesy of not executing the search warrant at his residence while he was not present. Officer Bower then instructed me to inform Martin Anderson that he needed to turn in the laptop in question to the Soldotna Police station as soon as he returned to Alaska.

21. I then asked for officer Bowers information so I could pass it on to Martin and his lawyer. Officer Bower stated that he was currently out of business cards and told me his name and phone number. I wrote this information down on a note pad that I sent to Martin Anderson in a text later that day.

22. Officer Bower and the remaining officers left the building after the information was exchanged.

23. Marin Anderson called me back inquiring about the events that took place. This was somewhere between 12:55pm to 1:06pm AKST. He asked if a copy of the warrant was given, and I told him it was not. He asked if I could retrieve a copy form the officers or take a photo. I told Martin Anderson that I would see what was possible.

24. I exited the office to find two cop cars still present at the air strip. I approached an officer who was not in their vehicle.

25. This officer did not identify himself and I did not ask for his name. I asked the officer if it was possible to receive a copy of the warrant or take a photo to send to Martin Anderson. He informed me that this was not allowed, and that Martin Anderson could receive a copy of the warrant when he dropped off the laptop at the station. The officer then informed me that it was important to inform Martin Anderson that he should not tamper with or preform any kind of destructive acts to the laptop, and that doing so could result in worse charges against him.

26. Feeling overwhelmed from the events that took place I attempted to express my knowledge of Martin in that he would not do anything to tamper with or cause damage to the laptop. Said officer continued to express the severity of possible worse charges if Martin did this.

27. The officer did not offer any other information beyond this statement, at which time I became too overwhelmed and began experiencing symptoms of a panic attack and removed myself from the conversation back to the office. At the end of this interaction all officers left the air strip.

3

28. I informed Martin Anderson of the events that took place that afternoon and continued with the rest of my workday.

I hereby attach the following document in support of this affidavit.

**Exhibit Description**: Photo of text between Martin Anderson and myself on the day the event occurred.



4

ANDERSON-000137

I declare under the penalty of perjury under the Laws of the state of Colorado that is true and correct.

_(signature)_ Date: 10/03/2022
(Affiant's signature)

5

ANDERSON-000138

Notary Public

STATE OF COLORADO

LARIMER COUNTY

On the 3rd day of Oct, 2022, the foregoing instrument was sworn to (affirmed) and subscribed before me **by Megan Eileen Tolliver**, known or proven to me to be the person whose name is subscribed to the within instrument.

WITNESS my hand and official seal.

Ann Endicott
(Print Name)

*[Notary Seal: ANN ENDICOTT, NOTARY PUBLIC, STATE OF COLORADO, NOTARY ID 20204015583, MY COMMISSION EXPIRES 05-04-2024]*

(Signature)

NOTARY PUBLIC

My Commission Expires: 05/04/2024

6

ANDERSON-000139

Case 3:23-cv-00119-KFR   Document 46-27   Filed 06/20/25   Page 6 of 6
EXHIBIT 15 (O)
Page 6 of 6