| | |
|---|---|
| **From:** | Eric Derleth <eric@trialguy.com> |
| **Sent:** | Tuesday, June 1, 2021 3:40 PM |
| **To:** | Leaders, Scot H (LAW); David Bower |
| **Subject:** | RE: Martin Anderson - Motion to Suppress |

I agree – I will talk to Mr. Anderson and explain to him why we are choosing this route. I suspect he will be fine with that. He has zero experience in criminal law, so it seems he'll let me make important calls like this.

Then I will submit something to the judge so s/he knows to just stay hands-off for now.

Thanks for getting right back to me.

**From:** Leaders, Scot H (LAW) <scot.leaders@alaska.gov>
**Sent:** Tuesday, June 1, 2021 2:40 PM
**To:** Eric Derleth <eric@trialguy.com>; David Bower <dbower@soldotna.org>
**Subject:** RE: Martin Anderson - Motion to Suppress

Sorry about the incomplete thoughts in this email below. Great job on interpreting where I was going.

My suggestion is hold in abeyance indefinitely/until you re-assert the motion. That keeps it on file and lets you re-assert the motion whenever you think appropriate if needed. Seems like every time we get in a situation where we are setting a specific timeframe to hold something in abeyance, things don't go as quickly as planned and we have to file extensions. Just leads to more work.

**Scot H. Leaders**
District Attorney
Kenai District Attorney's Office
Alaska Department of Law
120 Trading Bay Road, Ste 200
Kenai, Alaska 99611
907-283-3131

**From:** Eric Derleth <eric@trialguy.com>
**Sent:** Tuesday, June 1, 2021 2:31 PM
**To:** Leaders, Scot H (LAW) <scot.leaders@alaska.gov>; David Bower <dbower@soldotna.org>
**Subject:** RE: Martin Anderson - Motion to Suppress

You make a good point, Scot. Let me talk to Mr. Anderson. I think holding it in abeyance makes the most sense, just so it is still on record and should we reach an impasse I don't have to refile it.

If I file a request to hold it in abeyance, given that he's already turned over the laptop (or imminently is doing so), do you think it would make sense to ask to hold it in abeyance

1

COS 0298

indefinitely or for a time certain? I think indefinitely is fine, but curious what you think would work best.

Thanks,
Eric


**From:** Leaders, Scot H (LAW) <scot.leaders@alaska.gov>
**Sent:** Tuesday, June 1, 2021 2:25 PM
**To:** Eric Derleth <eric@trialguy.com>; David Bower <dbower@soldotna.org>
**Subject:** RE: Martin Anderson - Motion to Suppress

Eric,

Your email indicates that Mr. Anderson is willing to cooperate with the investigation, and that the motion to suppress was filed to open a dialogue about the case and to give my office and law enforcement information to consider as the investigation proceeds. You also indicate a concern about the impact charges even being filed would have on your client.

In light of those stated interests and concerns, I ask that you either withdraw the motion, or file a request to hold it in abeyance. If we have to litigate the motion

**Scot H. Leaders**
District Attorney
Kenai District Attorney's Office
Alaska Department of Law
120 Trading Bay Road, Ste 200
Kenai, Alaska 99611
907-283-3131


**From:** Eric Derleth <eric@trialguy.com>
**Sent:** Tuesday, June 1, 2021 2:07 PM
**To:** Leaders, Scot H (LAW) <scot.leaders@alaska.gov>; David Bower <dbower@soldotna.org>
**Subject:** Martin Anderson - Motion to Suppress


Mr. Leaders and Ofc. Bower:

Attached is the motion to suppress I filed today in the Kenai Court regarding two search warrants related to Martin Anderson.

While prevailing on the motion is perhaps a longshot, I filed it to give you both important information you may not have about the genesis of the theft allegations by Trident Engineering's principals. From the evidence I have seen, this is not a case that can be proven beyond a reasonable doubt. Yet I filed this motion anyway to open a dialogue about the case, because even the filing of a charge against Mr. Anderson would likely devastate his ability to earn a living.

Mr. Anderson delivered (or is about to?) his laptop that is the subject of the search warrants. As I mentioned to Ofc. Bower earlier today, Mr. Anderson also wants to be open and provide an interview. My normal protocol is not to endorse interviews pre-litigation, but I think it may be a good idea because this is such a complex situation with a lot of moving parts. So I think Mr. Anderson could help Ofc. Bower understand better the context for these allegations, and perhaps the motive behind them.

Please understand that Marty Anderson has lived here forever, even going to Soldotna High School with my older brother in the Class of 1982. So he is not running from these false allegations, and will do what he can to help clear his name. That is extremely important to him, so he has hired me to help him bring the important facts to light.

Please don't hesitate to follow up with anything else you might need from us, but I would ask that you go through me as a conduit as a professional courtesy.

Thank you for your time,



Eric Derleth – Trial Lawyer, inc.
386 Heath Place            821 N Street, Suite 202
Soldotna AK 99669      Anchorage AK 99501
     907.262.9164 Office
     907.398.6690 Cell
     907.262.6815 Fax
www.TrialGuy.com