JIM C. WILKSON, ESQ.
KENDRA E. BOWMAN, ESQ.
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, Alaska 99501
Phone: (907) 274-5100 Fax: (907) 274-5111
Email: jwilkson@farleygraves.com; kbowman@farleygraves.com

Attorneys for Defendants, The City of
Soldotna and David Bower

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| MARTIN ANDERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SOLDOTNA, a municipal corporation; and DAVID BOWER, an individual,<br><br>Defendants. | Case No. 3:23-cv-000119 KFR |

## DECLARATION OF STACE ESCOTT

I, Stace Escott, declare the following:

1. I am over the age of 18, competent in all respects, and I have personal knowledge of the information stated herein.

2. I am the Chief of Police for the Soldotna Police Department (SPD). I have been employed with SPD for approximately 20 years, from 2000-2005 and 2010–present. I was appointed as the Acting Chief in May 2024, and promoted to Chief in October 2024.

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR
Page 1 of 9
/SE
A.33387

Anderson v. City of Soldotna id30gb01sg

Case 3:23-cv-00119-KFR   Document 46-40   Filed 06/20/25   Page 1 of 9
EXHIBIT 29 (G)
Page 1 of 9

I obtained a bachelor's degree in criminal justice from Weber State University in 1998. I attended Alaska Law Enforcement Training Academy in Sitka, Alaska and the FBI National Academy in Quantico, Virginia.

3. In all times relevant to the matters described herein, I was an active-duty police officer with the rank of Sergeant. I was promoted to Lieutenant in May 2023.

4. On 12/7/21, Martin Anderson filed a complaint with Alaska Police Standards Council (APSC) alleging serious allegations of wrongdoing by SPD patrol officer David Bower arising out of a complaint of intellectual theft against Anderson by a business called Trident Engineering and Inspection.

5. APSC referred the complaint to SPD and I was the assigned to perform the Administrative Investigation (AI) on behalf of the Department and determine if Anderson's complaint had any apparent factual basis, including if Bower conducted an unlawful search and/or seizure, was dishonest or untruthful, violated Anderson's Civil Rights, or engaged in other reckless behavior during the course of his investigation. Bower was provided written notice of the AI, and had Union representation.

6. On 1/26/22 at 1430 hours, I called and spoke with Kenai Assistant District Attorney Justin Works. Mr. Works informed me that he saw nothing in Bower's search warrant affidavits that led him to believe Bower lied or engaged in wrongdoing. Mr. Works stated Bower likely did not have all of the information, as is the norm in these types of cases, and the reason why search warrants are requested. Not having all of the

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR
Page 2 of 9
/SE
A.33387

Anderson v. City of Soldotna id30gb01sg

Case 3:23-cv-00119-KFR   Document 46-40   Filed 06/20/25   Page 2 of 9   EXHIBIT 29 (G)
Page 2 of 9

facts, or the correct facts does not mean that Bower's affidavits were improper. Additionally, the attorneys for both Trident and Anderson had contacted him about mediating the case, and said that Anderson's attorney asked if the parties resolved the litigation would Mr. Works dismiss the case. Mr. Works said he agreed to let them go to mediation to figure it out and he would wait to hear from the parties. Once Trident wrote a letter to Mr. Works and stated they no longer wished to pursue charges, he agreed to close the case.

7. I confirmed that on 10/28/2021 the DA's Office returned the case to SPD via the final Arrest Tracking Number (ATN) with a Victim Declines to Prosecute disposition.

8. On 2/8/2022 at 2010 hours, I interviewed Bower. Bower spoke to whom he believed to be the owner of Computer Renaissance, and obtained the work order and notes concerning Anderson's computer, attached as **Exhibit F** to the Motion for Summary Judgment. He had asked for the notes from when Anderson had dropped the computer off, what time it was picked up, and what work they performed. I clarified why there was no hard drive. Specifically, that on Trident's Intellectual Property Valuation form, Trident identified the form was in relation to "Martin Anderson Computer (and External Hard Drive)." Bower said Trident had reported a hard drive was missing, which had their business information on it, however it was never recovered. When Bower received the notes from Computer Renaissance (Exhibit F) they referred to an external hard drive, but

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 3 of 9

/SE
A.33387

Anderson v. City of Soldotna id30gb01sg

EXHIBIT 29 (G)
Case 3:23-cv-00119-KFR    Document 46-40    Filed 06/20/25    Page 3 of 9

the crossover was when Anderson dropped the work computer off, they took that information and put it on an external hard drive, similar to what Bower would do when investigating computer crimes. With the information being stored on the hard drive, once the new computer was brought in, Computer Renaissance transferred information from the hard drive to the new computer.

9. Bower acknowledged his Incident Report, attached as **Exhibit B** to the Motion for Summary Judgment, said Anderson turned over his laptop, "Dell Latitude E5470" and Bower later requested authorization to search the "Dell Latitude E5470" however on his search warrant affidavit he requested to search the E5440, which was actually the computer Anderson turned into SPD. Bower said the report was incorrect and had been written before he actually got the computer and wrote the model and serial numbers down. It was correct in the search warrant affidavits.

10. In both the report and on the search warrant affidavits, Bower wrote that the Computer Renaissance work order was initiated on 9/5/21. Bower acknowledged the mistake as an inadvertent error he accidently typed, meaning to put in 9/5/20, which is the date he got from work order No. 25006 dated 9/5/2020, which he attached to his report.

11. Bower reported that he believed Computer Renaissance transferred the hard drive from a Dell Latitude E5470 onto an Orico external hard drive because they put that in their work order notes, page 5 of the work order No. 25006. He also said when he

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR
Page 4 of 9
/SE
A.33387

Anderson v. City of Soldotna id30gb01sg

Case 3:23-cv-00119-KFR    Document 46-40    Filed 06/20/25    Page 4 of 9

EXHIBIT 29 (G)
Page 4 of 9

talked to Computer Renaissance about the notes he learned they only sell Orico external hard drives, which is where he got the Orico information to put in his report and search warrant affidavit. We also spoke about his report where he wrote "On 3-22-21 Anderson brought in a silver Dell Latitude E5440 and requested a clone copy be put on the E5440". I asked him where he got this date from and he referred to page 5 of the work order notes. The last paragraph of the notes state "customer data drive is in enclosure and ready for pickup. Laptop is in bay C 11/28/20. Called customer and left a voicemail letting them know we're waiting on their drive for an image."[1] Bower, referring to the second to last paragraph of the notes, understood it to mean the information on the computer's hard drive was being separated from each other. When asked what "customer data drive is in enclosure and ready for pickup" meant to him, Bower said "that it's on an external hard drive." As he understood it, the customer data drive is the drive out of his computer or the data off of his drive. An enclosure is what holds the hard drive. This meant to Bower that there was a hard drive ready to be picked up and that the laptop was in bay C, referring to a shelf or spot used by Computer Renaissance to store things. The two were separated and the customer later brought in a second computer for the "clone copy" and that it needed to be "expedited." The notes state "03/22/2021 Customer came in brought his laptop in to get a clone copy, needs to be expedited." I referred Bower to his report where

---

[1] Anderson also provided two additional work orders, 13981 dated 3/22/19 & 6/1/20 and work order 15168 dated 3/23/20, but these additional work orders had not been provided by Computer Renaissance to Bower.

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 5 of 9

/SE
A.33387

Anderson v. City of Soldotna id30gb01sg

Case 3:23-cv-00119-KFR   Document 46-40   Filed 06/20/25   Page 5 of 9
EXHIBIT 29 (G)
Page 5 of 9

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100   FAX (907) 274-5111

he wrote Anderson "later picked up both laptops and external hard drive." I asked him where he learned of this, when did he realize Anderson didn't pick up an Orico external hard drive? Also, that his report stated Anderson picked up both laptops and Bower's search warrant stated Anderson picked up both laptops and external hard drive. Bower told me because Trident had reported Anderson had the company computer and external hard drive, along with the language in Computer Renaissance's notes, he understood the "ready for pickup" to mean Anderson did pick up all three items. Bower said he wrote his search warrant affidavit first and he understood all three items had been picked up. When he later learned an external hard drive had not been picked up, he made the correction in his report. In essence the "customer data drive is in enclosure and ready for pick up" meant the external hard drive was ready for pick up. Laptop being in "bay C" was "waiting on" Anderson's other laptop before the "clone copy" could be made. Once that happened, Bower understood Anderson left with all three items.

12. Bower noted researching Precision NDT and learned it was established in AK on 4/27/21 with Anderson listed as the agent. He said it verified that Anderson was involved in another business that used the data that was reported stolen. This also helped corroborate what Trident reported.

13. Bower wrote "Pack estimated the value of the lost data..." in his report and he also wrote "the data that was taken" in his search warrant affidavit. According to

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 6 of 9

/SE
A.33387

Anderson v. City of Soldotna id30gb01sg

Case 3:23-cv-00119-KFR   Document 46-40   Filed 06/20/25   Page 6 of 9

EXHIBIT 29 (G)
Page 6 of 9

Bower, Trident's complaint was that Anderson took proprietary information that was the property of Trident Engineering.

14. On Search Warrant 3KN-21-76, which was never executed, Bower wrote on the affidavit for search warrant that he found probable cause to believe that "on the person of Martin T. Anderson" and "on the premises known as 36696 Kimball Court, Sterling AK outbuildings and any vehicle owned by Martin T. Anderson" at "Soldotna, AK" there is now property.... Bower's use and placement of the word "Soldotna, AK" is one that is built into the electronic search warrant document, which he would have needed to change manually and did not. However, he clearly listed Anderson's address as being in Sterling, and the warrant was granted by Judge Fallon, who also reviewed the affidavit and did not find it to be an issue.

15. Upon review of the documents, evidence, and information obtained and evaluated as part of the AI (including the information provided by Anderson such as the Computer Renaissance letter dated June 8, 2021), I found that Bower's explanation interpreting his understanding of the evidence, including interpretation of Computer Renaissance's notes, valid and truthful. I found no evidence that Bower conducted an unlawful search and/or seizure, recklessly propagated false information, fabricated information, acted recklessly, or willfully omitted material information. He provided logical explanations for mistakes written in his report and took ownership for them. I

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 7 of 9

/SE
A.33387

Anderson v. City of Soldotna id30gb01sg

Case 3:23-cv-00119-KFR   Document 46-40   Filed 06/20/25   Page 7 of 9   EXHIBIT 29 (G) Page 7 of 9

found those mistakes were not deliberate false statements as alleged and consisted of the inadvertent typing of the wrong date or model number.

16. The SPD Operating Procedures Manual ("OPM") provides the rules, regulations, and policies of SPD.

17. The documents attached to the Defendants' Motion for Summary Judgment exhibits and Bate Stamped COS are true and correct copies of records that were kept and maintained by the City in the ordinary course of business.

**SIGNATURE ON NEXT PAGE**

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 8 of 9

/SE
A.33387

I declare under penalty of perjury, that the foregoing is true and correct.

DATED this 5TH of May 2025 at SOLDOTNA, ALASKA.

_____
STACE ESCOTT

**CERTIFICATE OF SERVICE**

Pursuant to Civil Rule 5, I hereby certify that on this _____ day of May 2025 a true and correct copy of the foregoing was served via CM/ECF electronically on the following person(s):

Kevin D. Koch, Esq.
35477 Spur Highway, Suite 204
Soldotna, AK 99669
Kevin.koch@acsalaska.net

Thad M. Guyer, Esq. *pro hac vice*
116 Mistletoe Street
Medford, OR 97501
tmguyer@tmguyer.com

Elisabeth R. Connell, Esq.
Senior Trial Counsel
Government Accountability Project
1612 K Street NW, #808
Washington, D.C. 20006
elizabethc@whistleblower.org

By: *s/Karen Helton*
Karen Helton, Legal Assistant
khelton@farleygraves.com

FARLEY & GRAVES, P. C.
807 G STREET, SUITE 250
ANCHORAGE, ALASKA 99501
(907) 274-5100  FAX (907) 274-5111

DECLARATION OF STACE ESCOTT
ANDERSON V. CITY OF SOLDOTNA ET AL
CASE NO. 3:23-cv-000119 KFR

Page 9 of 9

/SE
A.33387

Anderson v. City of Soldotna id30gb01sg

EXHIBIT 29 (G)
Page 9 of 9