

# A Review of Opposing Expert's Reports

Martin Anderson v. The City of Soldotna
Case No. 3:23-CV-00119-KFR

David P. Jude, CLI
DPJ Consulting, LLC

## TABLE OF CONTENTS

SCOPE OF THIS REVIEW:...................................................................................................................3

MATERIALS REVIEWED:....................................................................................................................3

OPPOSING VIEWPOINTS DISCUSSION:.........................................................................................3

    Probable Cause:................................................................................................................3

    Search Warrants:...............................................................................................................6

    Withholding Exculpatory Information:..............................................................................7

    Credible Victim:................................................................................................................10

    Mr. Sweeney's Opinions to the Investigation:..................................................................11

CONCLUSION:......................................................................................................................................13

    Criminal Investigation Defined:........................................................................................13

    The Investigative Process:................................................................................................13

## SCOPE OF THIS REVIEW

On May 3rd, 2025, I was provided a document authored by David T. Sweeney of DT Sweeney Consulting, LLC, Seattle, Washington. Noted, the report is titled "Expert Report Addendum of David T. Sweeney".

On May 27, 2025, I was provided with Mr. Sweeney's initial expert report authored on September 3, 2024.

Mr. Sweeney was identified as an Expert Witness for the City of Soldotna and his reports are his written products in support of Officer David Bower and other members of the Soldotna Police Department.

Should additional discovery or other pertinent information be presented, my thoughts and opinions are subject to change. If necessary, after the presentation of additional materials, I will supplement this report.

## MATERIALS REVIEWED

For this report, I reviewed the following items:
- Expert Report of David T. Sweeney; September 3, 2024
- Expert Report Addendum of David T. Sweeney; May 1, 2025
- Defendants' Updated Expert Disclosures
- Invoices of DT Sweeney Consulting, LLC

## OPPOSING VIEWPOINTS DISCUSSION

Below are segments of Mr. Sweeney's report I've selected to highlight in this supplemental report:

Probable Cause

*"Officer Bower conducted a good faith investigation and gathered enough evidence to reasonably believe someone committed a crime."*

> Let's examine "good faith". Defined, good faith is "a sincere intention to be fair, honest, and lawful in one's actions or dealings, without any aim to deceive or cheat."[1]

---

[1] Justia; www.dictionary.justia.com, "Definition of a "good faith"

Next, let's examine "reasonable". Defined, reasonable is "a hypothetical individual used in legal contexts to denote behavior that's legally appropriate; failure to meet this legal standard can result in negligence liability."[2]

Officer Bower did not interview enough witnesses to determine if a crime has been committed. It appears he took the word of Mr. Pack and stayed the course rather than ensuring the "credibility" of the complaint.

Officer Bower spoke to an employee of Computer Renaissance the next day after receiving the complaint and learned Mr. Anderson routinely has his computers cloned to ensure data remains useable in his work. This information alone is enough to dispel the idea that Mr. Anderson was undertaking a criminal endeavor and is worth additional investigation by Officer Bower to make sure of the accuracy of Mr. Anderson's actions and / or of Mr. Pack's allegations.

Officer Bower acted upon the word of Mr. Pack and remained focused throughout the limited investigation which was completed. While an interview of Mr. Anderson isn't required, this is a good illustration of why interviewing Mr. Anderson should have been completed. If uncertainty exists, more work must be done.

*"The officer is an investigator, looking for "facts and circumstances that would make a reasonable person believe that someone has committed a crime". With this definition of probable cause in mind, Officer Bower knew that to obtain more evidence of this potential crime, he needed a search warrant issued by a judge"*[3]

    In this passage, Mr. Sweeney implies two things:
        1) this is a potential crime and yet to be determined if an actual crime existed; and
        2) Officer Bower needed the search warrant to possibly obtain evidence which would then assist in establishing probable cause.

If these two implications are accurate, then they place Mr. Sweeney in contradiction of himself within his reports. Search warrants require probable cause that a crime has been committed, not a potential crime. Probable cause requires more than reasonable suspicion.

This contradiction is illustrative of why Officer Bower needed to complete more investigative work prior to obtaining search warrants. Officer Bower may have had a suspicion of a crime being committed, but I do not believe he possessed probable cause. To achieve this threshold, additional work needed to be completed by Officer Bower.

---

[2] Justia; www.dictionary.justia.com, "Definition of a "reasonable person"
[3] Expert Report of David T. Sweeney; September 2024; Section C, Page 36



4

Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR     Document 46-43     Filed 06/20/25     Page 4 of 14

> *"There was no malfeasance for relying on the statements of Mr. Pack. I also explained the fluid description of probable cause and how it applied to Officer Bower, given the facts he was working with. I also explained that in my opinion, Officer Bower had enough facts to go on in order to establish the probable cause standard, and that his next step would be to write an affidavit in order to obtain a search warrant from the court."* [4]

I agree with the first statement regarding the initial information from Mr. Pack. This is not to say Mr. Pack is free from his own malfeasance in reporting this as a theft to the Soldotna Police Department. Based on the initial interaction with Mr. Pack, neither Officer Swangel nor Officer Bower would have any reason to suspect malfeasance. Throughout an officer's career, a number of allegations are provided to officers. Some of these allegations are genuinely intended and some are spiteful. All require investigative tact to determine their validity.

I disagree with the opinion that Officer Bower had enough facts to establish probable cause and / or to obtain a search warrant. Just because an allegation has been made does not meet probable cause. What other steps did Officer Bower take to establish a crime had been committed and more likely than not, was committed by Martin Anderson?
- That an allegation had been made?
- That Martin Anderson took his computer to be cloned at Computer Renaissance?
- That the computer had files on it?

Singularly, there is not enough in any of the above statements to reach the probable cause threshold. Even collectively, in my opinion, there is not enough to reach probable cause. Is it reasonable to be suspicious? Certainly. But more work has to be done to establish Martin Anderson is more likely than not to have committed theft.

Repeating the common thread, Officer Bower did not do enough work to establish probable cause. Actually, as previously discussed, Officer Bower had information to potentially free Mr. Anderson from criminal allegations... even this required more work from Officer Bower who simply did not complete it.

The day after searching Mr. Anderson's place of work, Officer Bower received information from Mr. Anderson that he had previously filed complaints against Trident (Mr. Pack / Mr. Hall) with Occupational Safety and Health Administration (OSHA) and the Internet Crime Complaint Center (IC3) for computer fraud. Mr. Anderson expressed to Officer Bower he felt the theft complaint against him by Mr. Pack was retaliatory.

---

[4] Expert Report Addendum of David T. Sweeney; May 2025; Page 24; Interrogatory #1, Item #3

5

Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR   Document 46-43   Filed 06/20/25   Page 5 of 14

## Search Warrants

*"The manual warns him not to complete a search if he knows or should reasonably know that the search and seizure does not comply with the law and department procedures."* [5]

> Mr. Sweeney provides a segment of the Soldotna Police Department policy (3.038 Arrest, Search and Seizure) which states: "Officers shall not make any arrest, search, or seizure which they know or should reasonably know is not in accordance with the law and department procedures."
>
> Officer Bower had exculpatory evidence provided to him by Computer Renaissance during his only visit to the service provider. This visit occurred the next day after receiving the complaint. At this point, a reasonably acting officer would have begun to consider that the allegation against Mr. Anderson may not be accurate.
>
> In other words, Officer Bower should have known the search warrants do not comply with the law and departmental procedures. Supervisors of the Soldotna Police Department should have recognized this in their review of Officer Bower's case file.

*"Officer Bower made factual errors when he applied for two search warrants... It is the job of the supervisor to correct these mistakes if they are important to the status of the case."* [6]

> I agree with Mr. Sweeney that mistakes will happen. But for a search warrant, details matter. In these instances, it's not enough to say a mistake was made. A search warrant is awarded by the courts and allow for an intrusion into a citizen's protected right to privacy. Thus, any warrant issued by the court must be:
> - based on probable cause,
> - factually accurate, and
> - be properly executed
>
> Office Bower and the Soldotna Police Department did not meet these criteria while investigating Martin Anderson and when obtaining and executing a search warrant.

---

[5] Expert Report of David T. Sweeney; September 2024; Section A, Page 21
[6] Expert Report Addendum of David T. Sweeney; May 2025; Page 20; Interrogatory #1, Item #1

DPJ CONSULTING

6

Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR    Document 46-43    Filed 06/20/25    Page 6 of 14

Withholding Exculpatory Information

*"Regarding the withholding of exculpatory information, Officer Bower admitted in his deposition that he did receive exculpatory information regarding Mr. Anderson." "In my opinion, exculpatory information should generally be provided to the court when seeking a search warrant"* [7]

When an officer is provided exculpatory evidence, that is evidence which supports the concept that the subject of the investigation has *not* committed any criminal act, the officer must act on this lead. Meaning, the course of an officer's investigation can shift. As a law enforcement officer, maybe I suspect John Doe of committing a crime and perhaps my investigation is focused as such. But, as I continue to investigate, I learn information which tends to indicate Mr. Doe has not committed any violations of law. It is imperative I alter the course of my work to properly consider this new information and perhaps most importantly, protect the rights of Mr. Doe.

Exculpatory evidence isn't just provided to the court when seeking a search warrant. There is no exact time to disclose exculpatory evidence aside from when it's discovered. Once exculpatory information is discovered, investigators must make further inquiries to "trust but verify" the newly learned information.

Officer Bower failed to act the information provided to him and chose to stay on his current course of pursuing criminal allegations against Mr. Anderson.

The Alaska Law Enforcement Code of Ethics states: "As a law enforcement officer, my fundamental duty is to serve all people; to safeguard lives and property; to protect the innocent against deception, the weak against oppression or intimidation, and the peaceful against violence or disorder; and to respect the constitutional rights of all people to liberty, equality, and justice."

In the investigation against Mr. Anderson, Officer Bower and members of the Soldotna Police Department failed to serve all people, specifically a longtime fellow Soldotna citizen, Mr. Martin Anderson. Investigators must continuously recall their duty to serve all citizens. This includes those who have allegations placed against them.

Mr. Anderson possesses an impressive resume, incredible professional and personal achievements, and appears to have wonderful familial support. In the eyes of the Alaska Law Enforcement Code of Ethics, Mr. Anderson is no different than anyone else. Nor should he be. The same zeal applied to one part of an investigation must be applied across the entire investigation.

---

[7] Expert Report Addendum of David T. Sweeney; May 2025; Page 22; Interrogatory #1, Item #1

DPJ CONSULTING

7

Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR    Document 46-43    Filed 06/20/25    Page 7 of 14

Regarding the exculpatory information, Mr. Sweeney states: *"In my professional police opinion, this would be a training issue for Officer Bower."* [8]

> It is shortsighted to classify this as a training issue. Mr. Sweeney has categorized the actions of Officer Bower as mistakes inferring them to be collectively minor and innocent. I disagree with Mr. Sweeney as to Officer Bower's actions being mistakes. Rather, I believe his actions were neglectful.
> - Officer Bower knowingly possessed information which would have supported Mr. Anderson
> - It was foreseeable that continuing his course of conduct (Bower's investigation of Anderson) could have resulted in unwarranted prosecution of Mr. Anderson
> - A reasonable officer in the same situation would have acted differently than Officer Bower
>   - Would have asked more questions of Mr. Pack, Computer Renaissance, Mr. Anderson, and any other pertinent parties.
>   - Would have sought help from someone better equipped to assist in this investigation
>   - Would have consulted with the prosecuting authorities for clarification
>
> I agree this can partially be a "training issue" for Officer Bower, however it's much more than just a training issue.
> - By his own testimony, we know Officer Bower knowingly withheld exculpatory information.
> - Officer Bower knew information counter to the allegation but chose to ignore it.
> - Officer Bower did not further investigate the newly learned information, choosing to stay the course.
> - Officer Bower did not document the exculpatory information rather, leaving it omitted, as if it didn't occur.
>
> Does Officer Bower have any history of such high caliber mistakes? Does the Soldotna Police Department have such a history? Admittedly, I do not know the answers to those questions. Likewise, I am not positioned to simply call the actions of Mr. Bower mistakes capable of being resolved by additional training.
>
> Based on my years of leadership, mentoring, training, investigations, and other professional work, I am not able to say this is a training issue for Officer Bower as it may highlight a much bigger concern for him and the Soldotna Police Department.

---

[8] Expert Report Addendum of David T. Sweeney; May 2025; Page 22; Interrogatory #1, Item #1

DPJ CONSULTING

8

Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR   Document 46-43   Filed 06/20/25   Page 8 of 14

> *"Bower investigated the case, and spoke to the DA's office, who told him to investigate it like any other criminal case... Currently, I cannot find the date that SPD went to Precision NDT to serve the search warrant."* [9]

    The District Attorney's advice to investigate this allegation "like any other criminal case" is not bad advice. While I was not present for this exchange between Officer Bower and the District Attorney, I cannot say what was said between them.

Officer Bower provided deposition testimony that he consulted with the District Attorney as he had concerns of this investigation being a civil suit.

    When asked in deposition if he had considered at some point that perhaps a crime had not been committed by Mr. Anderson, but instead that this was a civil dispute because they were also suing each other? Officer Bower responded "That was my first thought when it was started, before I contacted the District Attorney's office was..." Officer Bower then confirmed this is when the District Attorney provided guidance to investigate this like you would any other crime. [10]

    As an experienced investigator, now with around thirty years' experience in investigations, I can share my opinion that "like any other criminal case" includes the possibilities that the case won't be criminal once a proper investigation is completed (could be a civil case) and includes the possibility of nothing criminal (or wrong) having happened. These are possible outcomes when investigating. An officer acting reasonably should understand and rule out these "alternative" outcomes during their investigation of criminal allegation.

    Regarding Mr. Sweeney's statement that he is not able to find the date that SPD went to Precision NDT to execute the search warrant, this is because Officer Bower failed to document his work in this case.

    In fact, as stated in Stace Escott's declaration of May 2025 concerning this case, Bower does not even document who he spoke to at Computer Renaissance in April 2021. He states he thinks it was the owner, but this is not correct.

    Documentation is the calling card of any investigator and is where one's reputation begins. Paperwork makes it through the court system well before the officer does. Meaning, many people will read the investigators work and will form opinions in advance of the officer testifying. Documentation is a keystone of investigations.

    Officer Bower did not provide much documentation of his investigation of Martin Anderson. The lack of documentation in this case is still being mitigated.

---

[9] Expert Report Addendum of David T. Sweeney; May 2025; Page 28 - 29; Interrogatory #2
[10] Deposition of Officer David Bower; July 11, 2024; Page 50 and 51.



9

Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR   Document 46-43   Filed 06/20/25   Page 9 of 14

Credible Victim

*"Bower received concrete information from a credible victim for the crime of theft. Officer Bower gathered the evidence and applied for a search warrant."*[11]

> How is it determined the information received was "concrete"? How was it determined that Mr. Pack was "credible"? What makes a complainant "credible" and what characteristics did Mr. Pack demonstrate to arrive at this conclusion? How is Mr. Sweeney able to opine on these descriptions?
>
> Police departments and police officers receive complaints / calls for service every day from citizens of every walk of life. How are police officers able to determine "concrete information" and "credibility"? My career and experience have led me to believe credibility is determined and awarded after the investigative process has been successfully navigated. In this case, I do not believe Officer Bower, nor the other members of the Soldotna Police Department successfully navigated the investigative process.
>
> If credibility of a party to the case is relative to this investigation, then we must also consider the credibility of Mr. Martin Anderson:
> - A long-time citizen of Soldotna, Alaska
> - A business owner in / around Soldotna
> - A lengthy, successful career in a very specialized field
> - Appointed by 3 Governors to serve in their administrations
> - An elder in his church
> - A husband, father, and friend
>
> Were these attributes of Mr. Anderson, whether personally or professionally, considered when Officer Bower and the Soldotna Police Department were investigating him? Again, referring to the introductory sentence from the Alaska Law Enforcement Code of Ethics which states: "As a law enforcement officer, my fundamental duty is to serve all people."

---

[11] Expert Report of David T. Sweeney; September 2024; Section C, Page 34

10

Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR    Document 46-43    Filed 06/20/25    Page 10 of 14

Mr. Sweeney's Opinions

*" SPD properly received a theft report from a victim. Officer Bower investigated this complaint. Officer Bower involved the DA's office for advice in the investigation of Mr. Anderson. Officer Bower wrote an affidavit of probable cause and then involved the court for the granting of search warrants. In my opinion, SPD, and Officer Bower did not make any attempts to evade accountability in this investigation."* [12]

- Mr. Sweeney's opinion for item ten is correct, partially.
  - "SPD properly received a theft report from a victim."
    - This is accurate to the best of Mr. Sweeney and my knowledge. It does appear a theft complaint was received and assigned within generally accepted police practices.
  - "Officer Bower investigated this complaint."
    - True, Officer Bower did investigate the complaint by Mr. Pack. But only partially and certainly not within generally accepted police practices.
      - Officer Bower withheld exculpatory information and ignored its relevance to the facts of the case.
      - Officer Bower did not document his progression through the case.
      - Officer Bower did not interview Mr. Anderson.
      - Officer Bower did execute the search warrants appropriately.
      - Officer Bower did not accurately document who he spoke with at Computer Renaissance or the proper model number of the computers at issue.
  - "Officer Bower involved the DA's office for advice in the investigation of Mr. Anderson."
    - Officer Bower did consult with the District Attorney who advised Bower to investigate this "like any other criminal case."
      - Except this isn't "any other criminal case", it's not criminal at all.
      - Officer Bower possessed information that would have corroborated the actions of Mr. Anderson but chose to ignore this. There is not enough information to indicate if this information was shared with the District Attorney or not.
  - "Officer Bower wrote an affidavit of probable cause and then involved the court for the granting of search warrants."
    - Officer Bower did apply for and was granted two search warrants for his investigation of Mr. Anderson.
      - I do not believe enough investigation had been completed by Officer Bower to establish probable cause. He had an allegation from a potential victim, but no independent investigation occurred to validate the allegation.

---

[12] Expert Report Addendum of David T. Sweeney; May 2025; Page 39; Interrogatory #4, Item #10

DPJ CONSULTING    11
Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR    Document 46-43    Filed 06/20/25    Page 11 of 14

- - Inaccurate dates were used on the affidavits.
    - Inaccurate location data was used on one affidavit.
    - Inaccurate property was used on the affidavit (external hard drive).
    - Inaccurate employment status was used on the affidavit.
    - Inaccurate activities were stated on the affidavit.
    - Inaccurate serial numbers were stated on the affidavit.
    - Exculpatory evidence was knowingly omitted from the affidavit.
- "SPD, and Officer Bower, did not make any attempts to evade accountability in this investigation."
  - Sergeant Brennan approved Officer Bower's report but later stated the report was lacking detail and information and it should not have been approved.
    - Prior to approval, Sergeant Brennan should have returned the report to Officer Bower for any corrections, additional investigation, and any additional documentation.
  - Former Police Chief Mlynarik testified "all the supervisors have some responsibility to make sure the policies are, and the officers themselves have the responsibility to make sure they're following policy."
  - Former Police Chief Mlynarik stated that, "our job is to find the truth, and report both exculpatory information as well as culpatory information.
  - Officer Bower knew and intentionally withheld exculpatory information
  - This issues with this investigation have been labeled as inadvertent mistakes perhaps to lessen the severity the constitutional issues present.

*"In my opinion, Officer Bower was reasonable with his investigation and reasonable in his efforts to gather evidence of the crime of theft. Based on the facts and evidence, it was reasonable for Officer Bower to believe Mr. Anderson had unlawfully obtained the property of another, and illegally appropriated that property to himself."[13]*

I disagree with Mr. Sweeney's assessment of Officer Bower's reasonableness with his investigation of Mr. Anderson.
- A reasonable officer would have considered the exculpatory evidence and would have taken steps to investigate this specific information as it can change the course of an investigation instantly.
- A reasonable officer would have conducted more interviews to obtain additional evidence to support the allegation of theft.
- A reasonable officer could not have concluded a theft occurred based on a complaint from a victim and that Mr. Anderson has his computers cloned. That does not equate to theft.

---

[13] Expert Report of David T. Sweeney; September 2024; Section C, Page 29

DPJ CONSULTING

12

Martin Anderson v. City of Soldotna; Case No. 3:23-CV-00119-KFR
Case 3:23-cv-00119-KFR     Document 46-43     Filed 06/20/25     Page 12 of 14

## CONCLUSION

**(\*\* Note: My opinion is subject to change based upon the presentation of additional discovery or other pertinent information.)**

After reviewing Mr. Sweeney's Reports, my opinions expressed in my original report have not changed.

When reviewing the actions of the Soldotna Police Department and Officer Bower, more specifically addressing the investigation into the allegations against Mr. Martin Anderson, Officer Bower and the Soldotna Police Department fell short of the standard for a reasonable police response.

Criminal Investigation Defined

Criminal Investigation defined: *the process of discovering, collecting, preparing, identifying, and presenting evidence to determine what happened, and who is responsible.*[14] The criminal investigation process follows a logical method in which a conclusion follows from specific facts.

The goal of the investigator remains to seek the truth, not simply proof of a particular suspect's guilt. The work of the criminal investigator must preserve both the prosecution of the wrongdoer but also the defense of the innocent.

The Investigative Process

The investigative process is supposed to be a systematic inquiry and process to search for accurate and truthful information. This is accomplished through, but not limited to:
- Reviewing the initial complaint for thorough understanding of the known facts
- Identifying and locating potential witnesses
- Speaking with / interviewing potential witnesses
- Recording all interviews when possible
- Identifying and recovering materials of evidence
- Documenting observations, interviews, evidence, and any other pertinent action conducted
- Conferring with appropriate authorities to determine final outcomes (criminal charges or not)
- An objective internal review of officers' actions to ensure accuracy and appropriateness

In the investigation against Mr. Martin Anderson for theft, the actions of Officer Bower and the Soldotna Police Department did not critically engage the investigative process, did not represent

---

[14] Criminal Investigation; Karen Hess, Christine Hess Orthmann, Henry Cho; Cengage Learning; Eleventh Edition; Chapter 1; Page 8

the Alaska Law Enforcement Code of Ethics, did not support their badge being a symbol of public trust, and were not done within the generally accepted best practices of law enforcement behavior.

All opinions expressed are based on my over twenty-three years of law enforcement experience, my six years of criminal defense investigations, and six years of providing expert witness services and are based on generally accepted police practices and conclusions and based on reasonable certainty within the field of law enforcement.

I reserve the right to supplement my opinions based on future discovery. Should I have additional opinions based on additional discovery, I will supplement my original report. I also expect that I may render more detailed opinions at my deposition and / or at trial, and those opinions are incorporated herein by reference.

_____
David P. Jude, CLI
Managing Member / Chief Investigator
DPJ Consulting, LLC